185 So. 9

**GUY L. DEANO, Inc., v. MICHEL.**

No. 34999.

Oct. 31, 1938.

Rehearing Denied Nov. 28, 1938.

Maurice.B. Gatlin, of New Orleans, for relator Joseph B. Michel.

McCloskey & Benedict and Bernard J. McCloskey, all of New Orleans, for respondent Guy L. Deano, Inc.

ROGERS, Justice.

Guy L. Deano, Inc., a corporation engaged in the business of real estate agent, acting under a written authorization to sell a certain piece of real estate owned by Joseph B. Michel, located in the City of New Orleans, secured as a purchaser Miss Victoria M. Bauman, who signed a written offer for $8,500, which offer Michel accepted. Before the act of sale could be executed, Michel's wife recorded her declaration of family home, in accordance with the provisions of Act No. 35 of 1921, Ex.Sess., which prevented the consummation of the transaction. Two suits were then brought, the first by Miss Bauman against Michel and Deano, Inc., for specific performance, conditioned on the vendor giving a valid title, or, in the alternative, for the return of the deposit and for the reimbursement of such costs as she had expended, and the other by Deano, Inc., against Michel to recover the commission on the sale, with

interest and attorney's fees. The suits were consolidated for trial in the Civil District Court.

In the suit by Miss Bauman for specific performance, it was held that the registration of Mrs. Michel's declaration of family home prevented the transfer of the property and, therefore, that her deposit and the costs expended by her should be returned. See Baumann v. Michel, 190 La. 1, 181 So. 549. In the case of Deano, Inc., v. Michel, there was judgment in the Civil District Court in favor of the plaintiff for the amount sued for. The case was taken to the Court of Appeal for the Parish of Orleans by Michel, was heard by that court, and the judgment of the Civil District Court was affirmed. A rehearing was applied for and refused. Deano, Inc., v. Michel, 181 So. 551. The case is now before this Court on a writ of review.

Miss Bauman's written offer to purchase was accepted in writing by Michel, whose acceptance contained the following agreement relative to the commission of the real estate agent: "I * * * agree to pay the commission of Guy L. Deano, Inc., the amount of Three Hundred and Forty Dollars ($340.00), which is earned upon acceptance of this offer, irrespective of validity of the title."

Plaintiff relies on the case of Mathews Brothers v. Bernius, 169 La. 1069, 1070, 126 So. 556, wherein this Court applied the well-settled rule of law that [page 558]:

"* * * Where * * * the broker's contract was to find a purchaser, his right to his commission is dependent upon whether he has found and produced one, who is able, ready, and willing to buy on the terms prescribed by his principal. When the broker produces such a purchaser, he is entitled to his commission, although the sale is not consummated, because of the inability of the vendor to comply with his offer. 2 C.J. pp. 769, 770. The broker, in such a case, in the absence of notice to the contrary, has the right to act upon the assumption that his principal has a marketable title. * * *"

Defendant, on the other hand, relies on the case of Boisseau v. Vallon & Jordano, Inc., 174 La. 492, 141 So. 38, wherein this Court held that a contract providing that a realty broker was to receive a commission even if no sale or exchange was effected was not binding on the principal, since the agreement should be interpreted in connection with Article 1945, et seq. of the Civil Code, in order to ascertain the true intent of the parties and that this intention is to be determined by the words of the agreement when they are clear and explicit and lead to no absurd consequence. The Court found that the words in the contract under review in that case were clear and explicit; that plaintiff was to be paid the commission whether the transaction was completed or not, and even though the motive which prompted him to sign the contract could not possibly be attained. But notwithstanding this finding, the Court held that it could not give effect to those provisions of a contract when to do so would lead to an absurd consequence, and the Court refused to enforce the agreement.

The fundamental distinction between the Bernius Case and this case is that at the time

Mrs. Bernius listed the property for sale with the real estate agent, she was not in a position to convey title to the property that she was offering to sell, whereas at the time Michel contracted with Deano, Inc., to sell the property he was the owner and was in a position to convey a valid title to it. The only reason that Michel was not able to transfer the property to Miss Bauman, who had been produced as a buyer by Deano, Inc., was because his wife, exercising the right granted her by law, recorded a declaration of family home which effectively prevented him from executing the deed. Michel was powerless to prevent the filing of the declaration of family home by his wife which was not done until after he had accepted Miss Bauman's offer, the title had been examined, and the act of sale had been prepared.

It is true that the contract in this case provides that the commission of the real estate agent is earned upon the acceptance of the offer, irrespective of the validity of the title. But the failure of Michel to complete the sale was not due to any defect in the title but was due to a condition arising subsequently which made it impossible for him to comply with his agreement. Michel had a marketable title at the time he listed the property with Deano, Inc., and it was through no fault of his that the sale to Miss Bauman was not consummated.

Deano, Inc., knew that the property was the family home of Michel because the written authorization to sell so states. Although at the time the offer of Miss Bauman was submitted and accepted there was nothing to indicate that Mrs. Michel would object to the sale, she had the legal right to do so if she saw fit, and she could not be deprived of this right.

We do not think that it can be said that Michel, when he listed his property for sale with Deano, Inc., intended to pay the agent $340 if his wife subsequently, without his knowledge and consent, recorded the declaration of family home, making the contract of sale impossible of fulfillment. Deano, Inc., must be held to have contracted subject to the right of Mrs. Michel to record the declaration of family home. The case falls within the provisions of Article 1945 of the Civil Code as interpreted in the case of Boisseau v. Vallon & Jordano, supra, which relieves the court of the obligation of enforcing a written contract when to do so would lead to an absurd consequence.

For the reasons assigned, the judgments of the Court of Appeal and the Civil District Court are annulled and the plaintiff's suit is dismissed at his cost.