## LEAMAN v. RAUSCHKOLB.
### No. 17501.

Court of Appeal of Louisiana. Orleans.

Jan. 27, 1941.

Rehearing Granted Feb. 10, 1941.

Frank C. Gipson and Henry L. Hemelt, both of New Orleans, for appellant.

John E. Fleury, of Gretna, for appellee.

JANVIER, Judge.

Paul J. Leaman, engaged in business as a real estate agent, was employed by Charles Rauschkolb to sell a certain piece of real estate, and secured as purchasers Mr. and Mrs. E. J. Guidry, who signed a written offer for $2,000, which Mr. Rauschkolb accepted in writing, agreeing, in the said acceptance, to pay to the said agent $100 as a fee or commission. The attorney for the prospective purchasers, after examination of the title by which Rauschkolb held the property, reported that he found certain clouds thereon and suggested that the attorney for Mr. Rauschkolb advise as to how those clouds could be removed. Rauschkolb took the position that there was no cloud on his title; that it was perfect, and he refused to take any steps to comply with the suggestion of the attorney for the prospective purchasers. In this situation Leaman, the real estate agent, could do nothing to compel the consummation of the sale and he brought this suit against Rauschkolb, claiming the commission provided for when the contract was accepted, together with interest, and claiming, also, that under the terms of the written contract there is also due to him an attorney's fee to be fixed by the court.

Rauschkolb admits the employment of Leaman as agent and that the said agent secured the written offer and that he accepted it, as alleged. But he contends that no fee or commission is due to the agent since the sale has never been consummated.

He maintains that, for either of two reasons, he is not liable. First, he asserts that a proper interpretation of the contract will show that it was not the intention of the parties that a commission should be paid unless the transfer should be completed, and he cites Boisseau v. Vallon & Jordano, Inc., 174 La. 492, 141 So. 38, as authority for the contention that, in such case as is shown here, no commission is due, and, in the second place, he appears to contend that there is a duty in someone to place him in default before it can be claimed that any commission is due.

There was judgment dismissing the suit and plaintiff has appealed.

When we come to consider whether the facts here are similar to those presented in the Boisseau case, we fail to find the slightest resemblance between the two. In that case Boisseau, who owned two lots of ground, desired to purchase a residence owned by Thomas L. Powell, and be solicited the services of Vallon & Jordano, Inc., real estate agents, to secure the residence for him, he to give his two lots in partial payment. The agents advised him to list his lots with them for sale at $2,000, and, in connection with that offer, to agree to purchase the residence he desired for the price which he was willing to pay. This he did ,and he also stipulated that, of the balance of the price to be paid by him, he should secure a loan of $9,500 from any bank, homestead, or mortgage company. The agents secured an acceptance of this somewhat complicated offer, but the transaction was never completed because Boisseau could not obtain the necessary loan. When Boisseau sought return of the deposit which he had made in connection with his offer to purchase the property of Powell, the agents refused to return him his deposit unless he should agree to pay to them the commission stipulated for in the contract. The Supreme Court held that no commission was due and said that a proper interpretation of the contract would show that it was never intended that any commission should be paid unless the entire transaction should be consummated.

There is no possibility here that this contract may be so interpreted. There were no conditions attached and no exchange of property was contemplated. Rauschkolb accepted an offer secured by Leaman and agreed to pay the commission. It is true that the sale has not been effected, but that seems to be because Rauschkolb has not seen fit to take the necessary proceedings to enforce specific performance of the contract. And we repeat that he

contends that his title is perfect and that Mr. and Mrs. Guidry, who made the offer, could be forced and should be forced to accept it. Who, other than himself, may take the proceedings necessary to force them to accept his title? The facts do not permit that we apply the principle that was followed in Guy L. Deano, Inc., v. Michel, 191 La. 233, 185 So. 9. If Rauschkolb admitted that his title was defective and claimed that the defect resulted from the action of someone else taken after acceptance of the offer, then, possibly, we could follow the rule laid down there. That was a suit for a real estate agent's commission. Guy L. Deano, Inc., had secured an offer for the purchase of real estate which Michel, the owner, had listed for sale. After Michel had accepted the offer, his wife " * * * recorded her declaration of family home, in accordance with the provisions of Act No. 35 of 1921, Ex.Sess., which prevented the consummation of the transaction". Accordingly, the prospective purchaser brought suit for specific performance seeking to compel Michel to transfer the property. It was held that, because of the recordation of this "declaration of family home", Michel could not transfer the property. Baumann v. Michel, 190 La. 1, 181 So. 549. Then, when Deano, Inc., sued to recover from Michel the commission stipulated for, the Supreme Court held that no commission was due because, though Michel, when he made the contract, could have transferred the property, later, through no fault of his, the recordation by his wife prevented him from giving good title. (191 La. 234, 185 So. 9).

■ But nothing of that kind is shown here. Not only has there been no suit by which it has been determined whether Rauschkolb's title is good or bad,—surely we cannot in this suit, collaterally determine that question—but Rauschkolb maintains that it is perfectly good. Furthermore, even if his title should be shown to be incurably defective, that would not warrant the application of the principle involved in the Deano case unless it could also be shown that the defect—not in existence at the time of the acceptance of the offer—had resulted from the action of someone else and could not be laid at the door of Rauschkolb himself. For it is well settled that a real estate agent earns his commission when he procures an acceptable offer from a purchaser ready, able and willing to buy, and this regardless of whether, because of defects in the owner's title, the sale can never be completed:

" * * * Where, as was the case here, the broker's contract was to find a purchaser, his right to his commission is dependent upon whether he has found and produced one, who is able, ready, and willing to buy on the terms prescribed by his principal. When the broker produces such a purchaser, he is entitled to his commission, although the sale is not consummated, because of the inability of the vendor to comply with his offer. 2 C.J. pp. 769, 770. The broker, in such a case, in the absence of notice to the contrary, has the right to act upon the assumption that his principal has a marketable title." Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556, 558.

■ Plaintiff is entitled to the commission stipulated for and to interest thereon from judicial demand.

■ However, plaintiff cannot recover an attorney's fee. We do not interpret the contract as providing for one except in a suit between the parties to the contract. The offer made by Mr. and Mrs. Guidry contained the following paragraph:

"In the event either I/we or the vendor, should fail or refuse to comply with the terms of this offer, if accepted, and it should become necessary for any of the parties hereto to employ an attorney to enforce compliance herewith, or to institute or maintain a suit for damages, the party failing or refusing to comply, shall pay, in addition to the commission, the fee of the attorney so retained—to be fixed by the Court—and any and all costs incurred by reason of such suit."

The acceptance of Rauschkolb reads as follows:

"I/we accept the above offer in all its terms and conditions and agree to pay the commission of P. J. Leaman, Agt. amounting to One hundred and no/100 ($100.00) dollars."

■ Nowhere is there a stipulation that, in the event it becomes necessary for the agent to employ counsel to collect his commission, the fee of his counsel may be recovered by him. All that the contract contemplates is that, if either the vendor or the vendee finds it necessary to sue the other, either for specific performance, or, in the alternative, to collect damages for breach of contract, then the loser shall pay

an attorney's fee and also the commission of the agent. We find no reference whatever to any right in the agent, if he finds it necessary to sue for his commission, to collect, also, an attorney's fee. A fee may be collected only when it is provided for by contract or by statute. Winkler v. Ascension Bank & Trust Company, 182 La. 69, 161 So. 23.

The judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Paul J. Leaman, and against Charles Rauschkolb, defendant, in the sum of $100, with legal interest from judicial demand and for all costs.

Reversed.