LOUIS H. YARRUT, Judge ad hoc.
Defendant-owner appeals from an adverse judgment in favor of plaintiff-agent for a real estate agent’s commission, less a credit for an amount paid on account of the commission by the prospective purchaser. Plaintiff-agent answers the appeal and seeks amendment of the judgment to allow him the full commission.
In pursuance of his employment plaintiff-agent obtained a signed offer for the purchase of defendant-owner’s real property on the terms and conditions set forth in the sales agreement. The agreement was subject to a loan by a building and loan, or any other lending institution, to be procured by the purchaser, on specified conditions relative to amount, term and rate of interest. A building and loan association agreed to make the loan on terms satisfactory to both parties, provided an outstanding mineral interest recorded against the property be first cancelled. This mineral interest was not cancelled up to and through the expiration date of performance fixed in the agreement. The purchaser then declined title as unmerchantable and suggestive of litigation and demanded the return of his deposit in another proceeding, to which defendant-owner was not made a party.
The District Court found, and the record amply supports its finding, that the sale was not consummated solely because defendant-owner was unable to tender a valid and merchantable title acceptable to the lending association, due to the outstanding mineral interest.
It cannot be gainsaid that a purchaser is not required to accept title to property encumbered with an outstanding adverse mineral interest.
Our jurisprudence is well-settled that a real estate agent is entitled to his commission only when he procures a purchaser ready, able and willing to take title on the terms and conditions specified by the owner. The inability of the owner to deliver valid title does not relieve him of the obligation to pay the commission, unless such inability develops after the agreement of sale and purchase is executed, and for which he is not responsible, and over which he has no control. Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556; Leaman v. Rauschkolb, La.App., 1 So.2d 338; Cotter v. Figaro, La.App., 36 So.2d 291; Walker v. Moore, La.App., 68 So.2d 222; Cox v. Green, La.App., 70 So.2d 724.
Concerning amendment of the judgment to allow plaintiff-agent the full commission, we find the facts to be these: When defendant-owner was unable to deliver valid title, the purchaser filed suit against plaintiff-agent for the return of his deposit. Defendant-owner was not made a party to that suit. That suit was compromised, whereby plaintiff-agent returned the deposit to the purchaser, who paid the former $500 on account of his commission. The District Judge allowed the contractual commission of $1,329 less a net deduction of $400, since $100 was for attorney’s fees, and rendered judgment for the balance, plus interest and attorney’s fees.
*69 At the time of this compromise, the purchaser was exposed to a contingent legal liability for the payment of the agent’s full commission under a provision of the purchase agreement reading:
“Either party hereto who fails to comply with the terms of this offer, if accepted, is obliged to pay the Agent’s commission and all fees and costs incurred in enforcing collection and damages.”
The plaintiff-agent was entitled under his contract to one commission only, and when he accepted payment on account from the purchaser, without reservation, and without any assignment or subrogation to the purchaser for such payment, his commission was satisfied pro tanto and he can now recover only the balance as was allowed by the District Court.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.