REGAN, Judge.
Plaintiff, Edward C. Kurtz, a licensed realtor, instituted this suit against the defendant, Mrs. Elsa B. Smith, the owner and vendor of the property designated by the municipal number 338 Deckbar Avenue, Parish of Jefferson, endeavoring to recover the sum of $1,075, representing 5% commission of the sale price of $21,500, together with attorney’s fees, in accordance with the terms of a purchase agreement signed by defendant on November 6, 1956, providing for the passage of an act of sale within 60 days or within 90 days in the event curative title work was required.
Defendant answered and denied liability for the realtor’s commission, asserting that the act of sale was not consummated because the purchaser left the City of New Orleans to visit a foreign country and did not return until after the contract had expired.
From a judgment in favor of plaintiff in the sum of $1,075 plus $250 attorney’s fees, the defendant has prosecuted this appeal.
The record reveals that the defendant, Mrs. Elsa B. Smith, was the owner of the property designated by the municipal number 338 Deckbar Avenue, Jefferson Parish, Louisiana, and had listed it with the plaintiff. It is conceded that on November 6, 1956, Mrs. Otilia Olavesen, the purchaser, signed an agreement to buy the property for the sum of $21,500, on terms of $7,500 cash, and the balance to be financed through a homestead loan. This offer was accepted by the defendant-owner on the same day, and the purchaser, Mrs. Olave-sen, immediately deposited $2,150, or 10% of the purchase price, with the agent. The contract provided among other things that the act of sale was to be at the expense of the purchaser and was to be passed before her Notary Public on or prior to 60 days, and if bona fide curative work in connection with the title was required, the parties agreed to extend the time for passing the act of sale for 30 days.
The agreement further provided that the agent’s commission
“is earned * * * when this agreement is signed by both parties and when the mortgage loan, if any, has been secured. Either party hereto who fails to comply with the terms of this *775 offer, if accepted, is obligated and agrees to pay the agent’s commission and all fees and costs incurred in forcing collection and damages.”
The defendant-owner was notified by the plaintiff’s office through the medium of the telephone on Friday, January 4, or S (Saturday and Sunday were legal holidays [1]) that the sale would occur in the office of Edmond G. Miranne, attorney and notary for the Security Building & Loan Association, 917 Richards Building, New Orleans, Louisiana, on Monday, January 7, 1957 at 10 o’clock A.M.
It was stipulated by the litigants that the purchaser, Mrs. O. Olavesen, was absent from the United States from January 16, 1957, to February 16, 1957. However, the record reflects that she was in New Orleans on January 7, 1957, the date fixed for the passage of the act of sale.
The defendant did not present herself to convey title to the purchaser at the time designated and her failure to appear and subsequently pay the plaintiff’s commission provoked this litigation.
The only question posed for our consideration by the foregoing facts is who is obligated to pay plaintiff’s commission.
The trial judge found as a fact that the defendant:
" * * * refused to present herself at the office of Mr. Miranne and further informed the plaintiff herein through his agent that she did not intend to go through with her agreement for the sale of said premises.”
The terms of the agreement are quite clear. If the vendor breaches the contract or is in default, she is liable for the commission.[2] If the purchaser breaches the contract or is in default, she is liable for the commission.[3] If both parties breach the contract or are in default, they are both liable for the commission.
We are of the opinion that the plaintiff complied in all respects with the contract, and therefore was entitled to his commission. He secured the purchaser; the mortgage loan was available; and all title requirements were fulfilled; therefore, he had nothing further to do in order to earn his commission under the terms of the contract. Since the trial court found as a fact, and we are in full accord with this finding, that the vendor-owner, Mrs. Smith, breached the agreement, she is therefore liable for the plaintiff’s commission.
It is not necessary that the defendant-owner in a case such as this one be put in default in conformity with the rationale of LSA-Civil Code, Article 1911 [4] before the broker can be said to have *776 earned his commission. Where the owner has definitely withdrawn, or has asserted that she will not comply with the agreement, there is no necessity that she be put in default, since she is liable at once for the commission of the broker.[5]
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. “The following shall be days of public rest and legal holiday and half-holidays. “(1) * * * provided, however, that in the Parish of Orleans, * * * the whole of every Saturday shall be a legal holiday * * *. “(2) In all parishes of the state the governing authorities thereof shall have the option to declare the whole of every Saturday a holiday. * * * ” LSA-B.S. 1:55.

. Treadaway v. Amundson, La.App.1956, 88 So.2d 67.

. Blache v. Goodier, La.App.1945, 22 So. 2d 82.

. “The debtor may be put is default in three different ways: by the term (terms) of the contract, by the act of the creditor, or by the operation of law:
“1. By the terms of the contract; when it specially provides that the party failing to comply, shall be deemed to be in default by the mere act of his failure.
“2. By the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made, either by the commencement of a suit, by a demand in writing, by a protest made by a notary public, or by a verbal requisition made in the presence of two witnesses.
“8. By the operation of law. This takes place in cases where the breach of contract alone is by law declared to be equivalent to a default. The law having declared that the neglect to return a thing loaned for use, at a stipulated time, or the application of it to another use than the one for which it was lent, puts *776 it at the risk of the borrower; this, without any act of the lender, puts the borrower in default, and forms an example of this part of the rule.” Art. 1911, LSA-Civil Code.

. Blache v. Goodier, La.App.1945, 22 So. 2d 82; Leaman v. Rauschkolb, La.App., 199 So. 663, affirmed on rehearing, La. App.1941, 1 So.2d 338.