HALL, Judge.
Plaintiff obtained judgment for the amount of a real estate broker’s commission, plus interest, costs, and attorney’s fees; and defendant appealed.
There is no substantial dispute as to the facts. On November 28, 1962 defendant signed a listing agreement authorizing plaintiff, a real estate agent, to obtain a purchaser for the premises 2216 N. Rampart Street in the City of New Orleans and agreeing to pay the agent’s commission. An offer to purchase the premises, obtained through plaintiff’s efforts, was accepted by defendant on December 4, 1962. A few days prior to his acceptance of the offer, to wit on December 1, 1962, defendant’s wife signed an authentic declaration of family home pursuant to the provisions of LSA-R.S. 9:2802. The declaration was not recorded however until December 13, 1962. On December 17, 1962 defendant’s wife, through her attorney, wrote to the prospective purchaser and to plaintiff advising them that she was opposed to the sale; and that she would not join in the act of sale. Because of the recorded declaration and the refusal of defendant’s wife to. sign the act the sale could not be consummated. (LSA-R.S. 9:2801) On April 10, .1963 plaintiff filed suit against defendant to recover the realtor’s commission alleging as the only ground of liability that “Defendant has refused to go through with the sale of the house or pay petitioner his commission J}c # ‡»
The premises, 2216 N. Rampart Street, belonged to the community existing between defendant and his wife. It had been occupied by them as their family home continuously for many years and they were living together there with their daughter at all times pertinent to this suit, a,fact which was known to plaintiff.
Defendant’s wife did not sign the listing agreement nor did she sign the acceptance of the offer to purchase. The record shows, however, that she had full knowledge of the fact that her husband had listed the house for sale and furthermore that she was present on December 4, 1962 when he signed the acceptance. Although she had executed the declaration of family home on December 1st she made no mention thereof to anyone and her actions gave every appearance that she was well satisfied with the sale and consented thereto.
The record shows that defendant had no knowledge whatever that his wife had executed the declaration or that she was opposed to the sale until sometime after the declaration was recorded on December 13. He testified that he first learned of the declaration through plaintiff’s office and that he was at all times willing and anxious to consummate the sale. The record shows that he co-operated with plaintiff’s office endeavoring to expedíate the sale until he was informed by plaintiff that a sale was no longer legally possible without his wife’s *528 signature to the act. No demand was ever made upon defendant to convey title to the property and he did not refuse to do so as alleged by plaintiff.
Plaintiff does not allege fraud on the part of defendant nor collusion between defendant and his wife and the record would not sustain such allegations if made. There is nothing in the record to overcome the presumption of good faith on the part of defendant.
Although defendant’s wife was at one time apparently pleased with the prospect of the sale, she undoubtedly had the legal right to change her mind. Her reason for doing so is not known but is immaterial since there is nothing in the record tending to show collusion. She was not made a party defendant and did not testify.
The decision of the Supreme Court in Guy L. Deano, Inc. v. Michel, 191 La. 233, 185 So. 9, fully disposes of the issue in this case. In that case the Court held that a real estate broker who has knowledge that the property involved is a family home must be held to have contracted with the husband subject to the right of the wife to file a declaration of family home making the contract of sale impossible of fulfillment. The Court further held that the husband was not liable for the broker’s commission where the husband was unable to transfer the property because his wife subsequent to the signing of the contract “filed” a declaration of family home. (See also Cabral v. Barkerding et al., La.App., 50 So.2d 516; Blackshear v. Landey, La.App., 46 So.2d 688; Neal v. Halliburton, La.App., 19 So.2d 625)
Plaintiff makes some attempt to distinguish this case on the ground that the. declaration here was signed before the acceptance of the offer to purchase. But it does not matter when-the declaration was signed; what is important is when it .was recorded for the-declaration has no-effect on title to. property until recorded. In the instant case;the declaratioh was not recorded (and therefore had no legal effect) until sometime after the acceptance. At the time he signed the acceptance defendant had a perfect right to dispose of the community property without his wife’s concurrence and was prevented therefrom only by the subse-qtient recordation of the declaration.
Inapplicable to the instant case is that line of jurisprudence which holds the vendor liable for the broker’s commission on the theory that the vendor impliedly warrants to the broker his ability to deliver merchantable title. Such warranty does not extend to an inability to deliver title which develops after the agreement of sale is executed and for which the vendor is not responsible and over which he has no control. See Treadaway v. Amundson, La.App., 88 So.2d 67; Leaman v. Rauschkolb, La.App., 1 So.2d 338.
For the foregoing reasons the judgment appealed from is reversed and plaintiff’s suit is dismissed; plaintiff-appellee to pay all costs in both Courts.
Reversed and rendered.