MARVIN, Judge.
Plaintiffs appeal from a summary judgment rejecting their demands for damages arising from defendant’s alleged breach of a real estate listing contract between them. We reverse.
Defendant’s motion for a summary judgment was filed a year after plaintiffs’ original petition. Defendant’s motion was based on the sole grounds that defendant’s wife— who had not signed with him the listing contract and other instruments — had recently filed a declaration of homestead under R.S. 9:2801-2802.[1]
The trial court relied on two eases to support the summary judgment.[2] Each case denied recovery to a realtor under an apparently similar contract as here. In each case, however, the court emphasized that the defendant property owner was prevented from consummating the sale before the sale could be consummated because defendant’s wife filed the declaration of homestead without defendant’s knowledge or collusion and that defendant’s inability or failure to deliver title was beyond his control.
In Deano, the court said:
“. . . Michel was powerless to prevent the filing of the declaration of family home by his wife which was not done until after he had accepted Miss Bau-man’s offer, the title had been examined, and the act of sale had been prepared. “. . . But the failure of Michel to complete the sale was not due to any defect in the title .
% sj¡ * * #
“We do not think that it can be said that Michel, when he listed his property for sale with Deano, Inc., intended to pay the agent $340 if his wife subsequently, without his knowledge and consent, recorded the declaration of family home, making the contract of sale impossible of fulfillment . . . ” 185 So. 10. (Emphasis Ours).
In Dutel, the court said:
“The record shows that defendant had no knowledge whatever that his wife had executed the declaration or that she was opposed to the sale until sometime after the declaration was recorded He testified that he first learned of the declaration through plaintiff’s office and that he was at all times willing and anxious to consummate the sale. The record shows that he co-operated with plaintiff’s office endeavoring to expediate the sale until he was informed by plaintiff that a *392 sale was no longer legally possible without his wife’s signature to the act .
“Plaintiff does not allege fraud on the part of defendant nor collusion between defendant and his wife and the record would not sustain such allegations if made. There is nothing in the record to overcome the presumption of good faith on the part of defendant.” 166 So.2d 527-528.
We also observe that the result in each case [correct in our opinion] was reached after trial and not on a motion for summary judgment.
Additionally, there are allegations in the instant case which the courts in Deano and Du tel particularly stressed were absent.
1. This loan closing was set for July 22, 1974. On that date defendant and the buyer appeared and refused to sign the loan closing documents (deed, mortgage, etc.). With their petition, defendants made a request for Admissions of Fact to defendant. One such request was that the defendant paid or reimbursed the buyer $300 to refuse to consummate the transaction.
2. Defendant has never answered plaintiffs’ original petition or plaintiffs’ request for Admission of Facts filed on August 19, 1974.
3. A supplemental or amended petition alleging that the alleged payment of $300 by the defendant to the buyer was “. for the express purpose of defrauding plaintiffs of their . . . realty fee . This supplemental petition was filed before summary judgment was granted. Defendant did answer the supplemental petition with a general denial.
4. The declaration of homestead was filed more than a year after the date the sale was scheduled for consummation and more than a year after plaintiffs filed suit.
5. Plaintiffs’ supplemental petition also alleged “no disagreement” between the defendant and his wife and that the homestead declaration was filed “. . . for the specific purpose of defeating plaintiff’s [sic] claim for a realty fee.”
Plaintiffs’ allegations are required to be construed liberally and against a motion for summary judgment asserting no material issue of fact. Jones v. Davis, 233 So.2d 310 (La.App.2d Cir. 1970). The allegations of plaintiffs’ petitions are sufficient to raise the general issue- of fraud and collusion and the absence of good faith on the part of defendant.
Our courts have recognized that when an issue requires determination of a state of mind (collusion, fraudulent intent, bad faith, etc.) it is unusual that disposition of the issue may be made by summary judgment. “It is important, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor, during direct and cross-examination, of a witness whose subjective motive is at issue.” Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976) and Roy & Roy v. Riddle, 187 So.2d 492 (La.App.3d Cir. 1966).
Judgment below is reversed and there is judgment denying defendant’s motion for summary judgment at defendant’s cost and the case is remanded for further proceedings.
REVERSED, RENDERED and REMANDED.

. Under these provisions the wife, if the husband neglects to do so (R.S. 9:2802), may designate property as the family home, which under R.S. 9:2801, “. . . may not thereafter be validly sold or mortgaged during the marriage by the husband except with the consent of his wife . .

. Guy L. Deano, Inc. v. Michel, 191 La. 233, 185 So. 9 (La.1938) and Dutel v. Bitterwolf, 166 So.2d 526 (La.App. 4th Cir. 1964).