181 So. 549

**BAUMANN v. MICHEL.**

No. 34729.

May 2, 1938.

Maurice B. Gatlin, of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

HIGGINS, Justice.

The plaintiff, a prospective purchaser of real estate, instituted this suit against the owner, as head and master of the community of acquets and gains, and the real estate agent who represented the owner in securing the offer to purchase the property, praying for specific performance of the contract of purchase and, in the alternative, for judgment in solido against the defendants in the sum of $929.75, consisting of an $850.00 cash deposit, or 10% of the purchase price of the property, and $79.75 expenses incurred in connection with the examination of the title and the preparation of the proposed act of sale.

The defendants admitted the signing of the contract to purchase the immovable property; that the plaintiff deposited with the real estate agent the sum of $850.00 cash; that the title had been examined and the act of sale prepared, but averred that the act was not signed and recorded, because the defendant owner's wife had recorded a declaration of family home (bearing upon the property in question), in accordance with the provisions of Act No. 35 of 1921, Ex.Sess.; and that although the defendant owner was ready and willing to carry out his part of the contract, the plaintiff refused to accept the title unless the defendant owner's wife signed the act of sale as required by section 2 of Act No. 35 of 1921, Ex.Sess., the property having been declared to be the family home.

There was judgment against the defendant owner, ordering him to deliver a valid title to the property to the plaintiff within 30 days; and, in the event he did not do so, there was judgment in the alternative in favor of the plaintiff and against the defendants in solido for the return of the deposit of $850.00, and further judgment against defendant owner for $77.50, covering the expenses for examination of the title and preparing the act of sale.

The defendant owner alone appealed to the Court of Appeal, which declined jurisdiction and transferred the case to this Court. Baumann v. Michel, 176 So. 907.

There is no doubt that the property in question is situated in the City of New Orleans, that it belongs to the community of acquets and gains and that it is the family home. On September 11, 1936, the plaintiff offered to purchase the property for $8500.-00, and on September 12, 1936, the defendant owner accepted the offer. On September 14, 1936, his wife designated the property as the family home and recorded the declaration as required by the provisions of Act No. 35 of 1921, Ex.Sess. In the meantime,

the title had been examined and the act of sale prepared.

We agree with counsel for the defendant owner that the part of the judgment ordering specific performance is erroneous. Apparently, our learned brother below desired to afford the husband a reasonable opportunity to prevail upon his wife to sign the proposed act of sale. However, the record shows that an appreciable period of time elapsed before the case was tried and that the wife did not in any way indicate that she had changed her mind. Consequently, the court, in effect, was ordering the defendant owner to do something that was impossible, because the wife had a perfect legal right to do what she did and the husband and the court were powerless to take that right away from her.

The correctness of the judgment condemning the owner in solido with the real estate agent for the amount of the deposit, which was conceded to have been received and remained in the possession of the real estate agent, is also questioned. While it is true that the real estate agent was the representative of the owner to sell the property, the offer of purchase designated the real estate agent as a depositary for the sum of $850.00 or 10% cash of the purchase price, and specifically provides that in the event the title is not valid and cannot be made so in a reasonable time at a reasonable expense, the contract will be null and void and the real estate agent would be obliged to return to the purchaser the amount of the deposit. Under these circumstances, the defendant owner cannot be held liable in solido. An obligation in solido is not pre-sumed; it must be expressed. C.C. art. 2093.

Counsel for the owner argues that the trial judge also erroneously granted judgment against him for the expenses in connection with the examination of the title and act of sale, because plaintiff is presumed to know the law and therefore should have taken the precaution to have the wife sign the contract.

At the time the plaintiff's offer was submitted and accepted there was nothing to indicate to the purchaser that the owner's wife would object to the sale. There was no reason to anticipate a declaration of family home for a part of the building was rented to others as an apartment. The wife was apprised of what was taking place but entered no protest. It was only after the offer was accepted by her husband, the title examined, and the act of sale prepared that she interposed her objection. Plaintiff then gave defendant a reasonable time to straighten out the matter by securing his wife's consent and it was only after they were unsuccessful that suit was instituted. Plaintiff at all times having dealt with the defendant in good faith and in no way being warned of any misunderstanding or disagreement between the husband and wife relative to the sale of the property, it is our opinion that the trial judge properly ordered the expenses in connection with the sale to be borne by him.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment be amended by rejecting the plaintiff's demand for specific performance of the contract and also amended by relieving the defend-

ant owner, Joseph Michel, of liability in solido with the real estate agent who was alone liable for the return of the deposit; and in all other respects, the judgment is affirmed; appellant to pay the costs of the appeal, all other costs to be paid in accordance with the judgment of the lower court.

O'NIELL, C. J., does not take part.