50 So.2d 516 (1951)
CABRAL
v.
BARKERDING et al.
No. 19481.
Court of Appeal of Louisiana, Orleans.
February 12, 1951.
*517 William M. Campbell, Jr., New Orleans, for plaintiff-appellant.
Edward F. Stauss, Jr., New Orleans, for defendants-appellees.
Mrs. W. J. Heintz, defendant-appellant, in proper person.
JANVIER, Judge.
Plaintiff, Harry R. Cabral, a prospective purchaser of improved real estate, appeals from a judgment which awarded him only the return of his deposit and certain expenses, though he had prayed for double the amount of the deposit when the prospective vendor, Harry F. Barkerding, could not deliver title to the property because his wife, acting under authority of Section 2 of Act No. 35 of the Extraordinary Session of 1921, LSA-RS 9:2802, had registered in the office of the Register of Conveyances for the Parish of Orleans a declaration that the property constituted a family home.
Mrs. W. J. Heintz, the real estate agent, also appealed from the judgment which ordered her to turn over to the plaintiff the amount of the deposit which was in her possession, and which dismissed her demand against Mr. and Mrs. Barkerding for a commission.
At the request of the parties, the Judge of the District Court handed down written reasons for judgment. He carefully reviewed the facts and discussed in detail every argument, both on law and on fact, made on behalf of all parties.
After a study of the record, we have reached the conclusion that it would be useless excess to attempt to add anything to what appears in those reasons. We therefore set them forth in full and adopt them as our own.
"Plaintiff, Harry R. Cabral, brought this suit to enforce a contract for the sale of certain real property situated in the City of New Orleans, which arose out of an offer to purchase made by him and accepted by defendant, Harry F. Barkerding, Jr., on February 16, 1948. The defendant, Mrs. Magda Helen Janssen, wife of Harry F. Barkerding, Jr., under date of February 19th, 1948, registered in the Conveyance Office of the Parish of Orleans in Book 555, Folio 519, a declaration wherein she designated the said property as a family home in accordance with the provisions of Section 2 of Louisiana Act No. 35 of the Extra Session of 1921. The above mentioned agreement to purchase the said property was registered in the Conveyance Office of the Parish of Orleans in Book 554, Folio 664, on April 26, 1948, more than two months after registration of the designation of the property as a family home.
"Plaintiff originally asked for judgment for specific performance, or alternatively, in the event of nonperformance within a specified time of the said judgment, for judgment recognizing the plaintiff herein as owner upon his depositing the purchase price in the registry of the Court.
"As a second alternative prayer for relief, petitioner asked for:
"(1) Solidary judgment against the defendant, Harry F. Barkerding, Jr., and *518 Mrs. W. J. Heintz, the realtor, for the amount of the deposit made by the plaintiff;
"(2) Judgment against the defendant, Harry F. Barkerding, Jr. in an amount equal to the amount of the deposit, `in accordance with the penalty provision of the contract;' and,
"(3) Judgment against the defendant, Harry F. Barkerding, Jr. in an amount equal to `the expenses incurred by petitioner in the preparation of the act of sale and preservation of his rights.'
"The defendants Barkerding interposed certain exceptions to plaintiff's petition, all of which were overruled by this Court. Thereafter each defendant filed a separate answer, and the defendant real estate agent additionally filed what was termed a reconventional demand against her co-defendants, Mr. and Mrs. Barkerding, wherein she asked for judgment against them, in solido, for the sum of $812.00, the amount of the realtor's commission under the terms of the contract.
"At the commencement of trial of the case upon the merits, counsel for plaintiff announced that he had abandoned the original relief prayed for, as well as that sought in the alternative prayer, when he declared that the petitioner was no longer desirous of obtaining specific performance of the contract, and now sought judgment only for double the deposit plus his expenses. In consequence, this Court was thereafter concerned only with the relief sought by the plaintiff under his second alternative prayer.
"Mrs. Barkerding was the first witness called to the stand, having been called by plaintiff for cross-examination under the Act. She testified willingly and at length concerning the occurrence and events which culminated with the filing of these proceedings. The Court was greatly impressed by her straightforward testimony and the manner in which she conducted herself, both at that time and later when she was called as a witness for the defendants, Mr. and Mrs. Barkerding. Mr. Barkerding was called next by the plaintiff, and corroborated his wife's earlier testimony concerning the circumstances which led to the filing by her of a declaration of family home in an attempt to prevent his selling of the family dwelling. His testimony in its entirety presents a very credible explanation for his having entered into an agreement to sell the family dwelling despite his wife's known objections to any such action, and the Court is convinced that he spoke truthfully in recounting the happenings of what for him must have been `trying' times.
"The real estate salesman, W. J. Heintz, who testified on behalf of both the plaintiff and the defendant real estate agent, Mrs. W. J. Heintz, to some extent corroborated the testimony of the defendants, Barkerding, while in other instances, his testimony was at variance. This witness cannot be classed as having been entirely impartial in the matter before the Court, for he was materially and pecuniarily interested in seeing that judgment was rendered against the Defendants, Barkerding; but even were the Court to give full weight to his testimony, it remains convinced that the defendant, Barkerding, and the defendant, Mrs. Barkerding, did not at any time act in collusion or in any manner suggestive of fraud, as is claimed by the plaintiff.
"It seems clear that Mrs. Barkerding, in filing the declaration of family home, which she had the perfect right to do, effectively prevented the sale of the family domicile without her approval, and apparently this was known to the plaintiff, for he advised Barkerding that it would be necessary for Mrs. Barkerding to be present at the passage of the Act of Sale. As stated by the Supreme Court in Baumann v. Michel, 190 La. 1, 181 So. 549, 550, `the wife had a perfect legal right to do what she did and the husband and the court were powerless to take that right away from her.' Consequently, the defendant, Harry F. Barkerding, Jr., was unable to comply with the agreement notwithstanding his desire to comply therewith. The action of his wife in recording the declaration of family home made his compliance with the agreement impossible.
"Under such circumstances, the contractual right of the purchaser to demand the *519 return of double the deposit seems analogous to the contractual right of the real estate agent to claim his commission when the sale of the property is not consummated because of the filing of a declaration of family home by the vendor's wife. That question was determined in the case of Guy L. Deano, Inc., v. Michel, 191 La. 233, 185 So. 9, 10. There the Supreme Court distinguished the cases wherein a commission is due an agent even though the sale is not consummated because of inability of the vendor to convey title due to irregularities existing at the time of the signing of the sales agreement, and cases wherein the inability of the vendor to convey title resulted from the actions of the wife in registering a declaration of family home subsequent to his signing of the agreement. The Court said:
"`* * * But the failure of Michel to complete the sale was not due to any defect in the title but was due to a condition arising subsequently which made it impossible for him to comply with his agreement. Michel had a marketable title at the time he listed the property with Deano, Inc., and it was through no fault of his that the sale to Miss Bauman was not consummated.
"`Deano, Inc., knew that the property was the family home of Michel because the written authorization to sell so states. Although at the time the offer of Miss Bauman was submitted and accepted there was nothing to indicate that Mrs. Michel would object to the sale, she had the legal right to do so if she saw fit, and she could not be deprived of this right.
"`We do not think that it can be said that Michel, when he listed his property for sale with Deano, Inc., intended to pay the agent $340 if his wife subsequently, without his knowledge and consent, recorded the declaration of family home, making the contract of sale impossible of fulfillment. Deano, Inc., must be held to have contracted subject to the right of Mrs. Michel to record the declaration of family home. The case falls within the provisions of Article 1945 of the Civil Code as interpreted in the case of Boisseau v. Vallon & Jordano, supra, (174 La. 492, 141 So. 38), which relieves the court of the obligation of enforcing a written contract when to do so would lead to an absurd consequence.'
"In the instant case, any judgment ordering the enforcement of the contract of sale, insofar as it grants the purchaser the right to demand the return of double the deposit, would lead to an absurd consequence. The Louisiana Legislature could not have intended that a wife be permitted, on the one hand, to prevent the sale of the family home, if, on the other hand, the actions of the wife in so doing would leave her husbandand consequently the community of acquets and gains between herself and the husbandliable for civil damages, which certainly would affect the community adversely, and which could very easily wreck it financially. The claim for an amount equal to double the deposit is therefore dismissed.
"The reconventional demand of the real estate agent, Mrs. W. J. Heintz, for a sum equal to the amount of the commission she would have earned had the sale been consummated, is based upon the identical factual basis as was the plaintiff's claim in the case of [Guy L.] Deano, Inc., v. Michel, supra. That decision of the Supreme Court of Louisiana is controlling herein. The reconventional demand of the plaintiff in reconvention is, therefore, dismissed.
"Plaintiff sought judgment, in solido, against Barkerding and the realtor for the amount of the deposit made by him with the latter. The undisputed testimony of all witnesses was that the amount deposited is now and has been at all times in the possession of the realtor. Nothing in the agreement to sell indicates that a liability in solido between Barkerding and the realtor was intended, and the law covering solidary obligations is clear: `An obligation in solido is not presumed; it must be expressly stipulated. * * *' R.C.C. Article 2093.
"This issue was directly in point, and was passed upon by the Supreme Court in its judgment rendered in the Baumann case. The Court therein quoted Article 2093 of the Civil Code as the basis for reversing the trial court's holding that a vendor under a real estate contract was liable in solido with the real estate agent for the *520 amount of the deposit. This decision is still the law, and as stated in the Baumann case, the real estate agent is alone liable for the return of the deposit.
"There will be judgment, accordingly, in favor of plaintiff, Harry R. Cabral, and against the defendant realtor, Mrs. W. J. Heintz, for the sum of $1,780.00, the amount of the deposit made by him with her, and there will be further judgment dismissing plaintiff's suit against defendant, Harry F. Barkerding, Jr., jointly and in solido with the realtor for such amount.
"There remains the question as to the expenses incurred by plaintiff in the examination of title to the property and in the preparation of an act of sale. Under the Baumann decision, a purchaser who deals in good faith with the husband-owner, and who is in no way warned of any misunderstanding or disagreement between the husband and wife relative to the sale of the property, is entitled to the costs and expenses incurred by him for examination of title and preparation of the act of sale, etc. Although counsel for Barkerding urged that plaintiff could not be deemed to have been acting in good faith subsequent to the date on which the real estate agent was first notified of his client's marital difficulties in connection with the contemplated sale, it was admitted at the trial that the examination of title had been completed and certificates ordered prior to plaintiff's having received actual written notification from Barkerding that he could not carry out the agreement to sell. Plaintiff is, therefore, entitled to expenses incurred up to the time of his receiving such notification, itemized as follows:

Examination of title, $117.75
Certificates, 7.50
Ordering certificates, 10.00

"Any expenses undertaken by him subsequent to his having been advised that the act of sale could not be passed, must be deemed to have been incurred at his own risk, and Barkerding cannot be held responsible therefor.
"The judgment sought by plaintiff against Mrs. Magda Helen Janssen, wife of Harry F. Barkerding, Jr., having been dismissed, she is entitled to recover from plaintiff the costs expended by her in defending his suit. Judgment having been rendered herein in favor of plaintiff and against defendant, Harry F. Barkerding, Jr., for the expenses incurred in good faith by plaintiff, and in favor of plaintiff and against defendant, Mrs. W. J. Heintz, for return of the amount of the deposit, the costs of plaintiff will be apportioned onehalf to each of the parties cast."
Counsel for Harry F. Barkerding, Jr., defendant, orally and in brief concedes that the judgment, insofar as it runs in favor of Cabral and against Barkerding, should be increased by $25 which represents the cost of a survey which was ordered by Cabral before it became evident that the title could not be transferred.
Accordingly, the judgment appealed from is amended by the increase of the amount awarded to Cabral against Barkerding by the sum of $25. In all other respects the judgment appealed from is affirmed; appellant to pay all costs of appeal.
Amended and affirmed.