YARRUT, Judge.
Plaintiff sues to recover double her 10% deposit, plus 25% attorney’s fees, and interest, alleging the failure of the vendors to deliver title pursuant to an executory agreement of sale of an immovable.
Defendants are the two vendors and the corporate real estate broker. The 10% deposit was made to the broker and, following suit, was deposited in the Registry of the Court.
Defendants charge that the default was due to plaintiff, and denied plaintiff was entitled to the return of her deposit, and defendant-broker reconvened fo.r its 6% commission. The Trial Court held that the failure of the sale to be consummated was due to the vendors’ inability to cancel an outstanding mortgage as required by the lending association, which had agreed to make the loan subject to such cancellation. Judgment was rendered in favor of plaintiff and againt defendants, in solido, for the return only of the deposit, without attorney’s fees.
Defendant-broker appealed, asking for judgment for its commission out of the deposit or, alternatively, for judgment against its co-defendants (vendors) for the commission.
There was no third-party proceeding by the broker for judgment against its co-defendants (vendors), but all parties stipulated in open Court during oral argument on appeal, that this Court could render judgment on the record, the same as though such third-party proceeding had been filed.
The agreement of sale was executed on the Standard Form of the Real Estate Board of New Orleans, on August 18, 1959. The purchase price was $18,500, on terms of $3,500 cash, a second mortgage for $2,400, and the ability of the purchaser to borrow $15,400 at maximum interest of &/z% per annum, payable on or before 20 years, in monthly installments.
Plaintiff made application to a local building and loan association, which agreed to make the loan, on condition that the vendors first have cancelled an outstanding mortgage bearing against the property.
The contract, inter alia provides:
“Should purchaser, seller or agent be unable to obtain the loan stipulated about within - days from acceptance hereof, this contract shall then become null and void and the *451 agent hereby authorized to .return the purchaser’s deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.”
The sale fell through after various extensions of the primary date for completing the sale, because the vendors were unable to cancel the recorded mortgage, notwithstanding it was paid and the mortgage note turned over to a notary public for cancellation, because the notary could not be found.
A mortgage or an encumbrance in a sum which is less than the contractual price or the balance due must be assumed by the vendee who can deduct the amount thereof from the purchase price. Lomel Realty Corporation v. Chopin, 177 La. 474, 148 So. 683, Jaenke v. Taylor, 160 La. 109, 106 So. 711.
Since plaintiff (purchaser) was not at fault, the defendant (broker) is not entitled to a commission from the purchaser. Probst v. DiGiovanni, 232 La. 811, 95 So.2d 321, and cases cited therein.
Nor are defendants (vendors) liable for the broker’s commission, notwithstanding a vendor is not relieved from the penalty of paying the broker’s commission because he cannot deliver a valid, merchantable title. Cox v. Green, La.App., 70 So.2d 724; Leaman v. Rauschkolb, La. App., 1 So.2d 338.
However, when the non-cancellation of a mortgage is due solely to the dereliction of a notary public, to whom the paid note has long since been delivered for official cancellation, and who cannot be located in time for explanation, a vendor should not be held at fault and chargeable with penalties.
We can see no essential difference between a prospective vendor’s inability to perform, resulting from his wife’s recordation of a homestead declaration, which excuses performance, and the inability resulting from a dereliction of a public officer which prevents performance. Cabral v. Barkerding, La.App., 50 So.2d 516.
The vendors were unable to cancel the mortgage within the time fixed for the sale only because the notary public had failed to do so and he could not be located.
As the vendors were unable to comply with the lending association’s condition, through no fault of their own, they have no liability to the broker.
Accordingly, the judgment of the District Court is affirmed, with further judgment on the third-party claim in favor of defendants, Young M. Gee and May A. Gee, and against defendant (broker), Clark & Clark, Inc., dismissing the latter’s prayer for judgment against the former; Defendant, Clark & Clark, Inc., to pay costs on appeal.
Amended and affirmed.