CHASEZ, Judge.
The petition of William M. Munster and Louis P. Munster, filed in the Twenty-Fifth Judicial District Court, alleged that by contract dated April 23, 1959, Salvador Palama agreed to sell the petitioners a certain parcel of ground in St. Bernard Parish, located at 125 St. Bernard Highway. The said agreement was alleged to have been negotiated by the defendant, Burt V. Guidroz, realtor, and a deposit of $1,700.00 was paid by the plaintiffs as a deposit, representing 10% of the purchase price, to the said Burt V. Guidroz.
It was further alleged that the attorney for the plaintiffs, in the course of his title examination of the property, did discover a title defect in that a certain portion of it had at one time been dedicated as a part of “Delaronde Street”, which dedication was subsequently revoked by the Police Jury of the Parish of St. Bernard by ordinance of September 3, 1929; that the property on either side of this dedication on the tract was owned by Alexandro Palama and, under the law, the result of the revocation of the dedication of Dela-ronde Street is that the previously dedicated portion was acquired by Alexandro Palama; that at this time he was married to Maria Lisotta, whose succession was subsequently opened and a judgment of possession was rendered placing Alexandro Palama and her children in possession of her interest in community property, which judgment did not include the previously dedicated portion of ground; that at the present time the ground in question is owned by Alexandro Palama and the heirs of Maria Lisotta, who have not conveyed or divested themselves of ownership of this property to Salvador Palama.
The allegations also aver that the defendant, Salvador Palama, was advised of the defect and informed of the curative work required; that Salvador Palama refused to perform curative work and instead tendered title, whereupon on August 13, 1959 the plaintiffs demanded from Burt V. Guidroz the return of their deposit, which Mr. Guidroz refused to them; that under the contract the plaintiffs are entitled to the return of their deposit plus an equal amount as penalty from the prospective vendor. Accordingly, the plaintiffs prayed for judgment in the amount of $1,700.00 with legal interest and attorneys’ fees against Salvador Palama and Burt V. Guidroz, individually, jointly and in solido, and in the amount of $1,700.00, with legal interest against Salvador Palama individually.
Salvador Palama answered, asserting that the written agreement to purchase and sell is the best evidence of its contents and denying any indebtedness or liability to the plaintiffs. He alleged in his answer that he at no time refused to convey the title as recorded in C.O.B. 52, Folio 497, records of St. Bernard Parish (which did not include the portion dedicated to Dela-ronde Street), and that he was willing at all times to convey all rights and title he had, including his interest in the abandoned Delaronde Street, and that he was attempting to meet the plaintiffs’ title requirements when the plaintiffs cancelled the contract to purchase and sell on July 21, 1959.
Salvador Palama also assumed the position of third-party plaintiff against Burt V. Guidroz, alleging that if the original plaintiffs were misinformed concerning the state of the third-party plaintiff’s title it was due to the actions or omissions of Burt V. Guidroz, and that Burt V. Guidroz retained the deposit against the wishes and without the consent of the third-party plaintiff after the latter informed him of his inability to meet the plaintiffs’ title requirements. The prayer was for alternative relief through judgment against Burt V. Guidroz for any sums for which Salvador Palama might be held liable.
Burt V. Guidroz admitted the existence of an agency contract, the contract of purchase and sale, and that he was holding a deposit of $1,700.00, but denied any lia *407 bility, and made a demand for a commission of $1,700.00 and attorneys’ fees against whichever party was to be cast in judgment.
After hearing the evidence, the trial court rendered judgment July 25, 1960 in favor of the plaintiffs and against both defendants individually, jointly, and in solido for $1,700.00, with interest; and judgment in favor of the third-party plaintiff, Salvador Palama, and against Burt V. Guidroz, for any sums that Salvador Palama would have to pay unto the plaintiffs by reason of the judgment.
Appeals were taken by both defendants, Salvador Palama and Burt V. Guidroz. There was no answer to the appeal on behalf of the appellees.
The then attorney of record for Mr. Guidroz filed a motion in this Court, dated May 9, 1962, wherein he alleged that Mr. Guidroz died on March 16, 1962 and that his succession had not been opened. He also stated that the succession of Mr. Guidroz had been renounced by his surviving widow and by his mother and father, which renunciations had been recorded in the records of the Parish of Jefferson and the Parish of Orleans, State of Louisiana. He prayed for a continuance of the hearing on the appeal until proper parties could be joined in the action. This continuance was for an indefinite period of time. Over four years thereafter, on September 7, 1966, counsel of record filed a motion to withdraw from the proceeding, alleging that the succession of Guidroz was not opened and he was without authority to further represent decedent or his heirs. This motion was granted by the Court.
On September 16, 1966 Salvador Palama filed in this Court a motion for authority under Rule XIII, Section 3, of the Uniform Rules of the Courts of Appeal to publish at intervals of at least 15 days a summons in the New Orleans and St. Bernard newspapers three times within sixty days to the end that this appeal might be heard. This summons was directed to the legal representative or representatives of Burt V. Guidroz. This was followed up by a motion to assign the appeal for argument, the legal representative(s) of Burt V. Guidroz not having appeared within the time required.
This appeal was heard and submitted to the Court on March 27, 1967. On that day a brief was filed entitled “Brief on Behalf of Burt V. Guidroz”; however, in reality this brief was filed by the attorney for American Employers Insurance Company, the alleged surety on the real estate bond of Guidroz. The brief attempts to argue for the reversal of the Court below as respects the judgment against Guidroz. A supplemental brief presented additional arguments to the Court in this regard. We point out that counsel does not represent Mr. Guidroz or his heirs and this brief in no way constitutes an appearance by them in this Court. Further, the American Employers Insurance Company was at no time and is not now a party to this litigation.
The attorneys for Salvador Palama filed a motion on March 27, 1967 to dismiss the appeal of Burt V. Guidroz, alleging that there was no response to the aforementioned public summons and that the appeal should be considered abandoned.
Rule XIII of the Uniform Rules of the Courts of Appeal provides that “in default of the appearance of the legal representative of the deceased party within sixty days after the first publication, and on proof of such notice and publication (which proof was filed in the record herein), any party to the appeal may have the appeal dismissed and disposed of as in other cases.” Accordingly, the .appeal of Burt V. Guidroz is hereby dismissed.
This, then, brings ús to the merits of the appeal as between ¡¡salvador Palama and the appellees. Insofar as the briefs submitted by the attorney for the American Employers Insurance Company are concerned, they can only be accepted as amicus curiae briefs and cannot be viewed in the *408 light of giving any direct relief in favor of Burt V. Guidroz, who no longer is a party to this appeal, or in favor of American Employers Insurance Company, who never was a party to the action.
Salvador Palama has never sought the specific performance of the agreement to purchase or sell in this action. His desire is to be relieved of the judgment casting him liable to the appellees.
The Court below erred in rendering judgment against Salvador Palama for the amount of the deposit. We see no need to enter into a discussion of whether or not the title in this case was in fact unmer-chantable, since it is the contention of the appellees that it was unmerchantable, and they would not accept title because of the alleged defect.
The pertinent provisions of the agreement between the parties are:
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof.
“In the event the seller fails to comply with this agreement within the time specified or for any other reason, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as pen-' alty by the seller; or the purchaser may demand specific performance, at his option.”
The property was described in this agreement as “125 St. Bernard Hiway corner Buffon St. on grounds measuring about as per title. * * * ”
The evidence in the record indicates that the portion dedicated to Delaronde Street was to be included in the sale by the parties to the agreement, and that Mr. Palama may have been aware even before he entered the agency agreement with Mr. Guid-roz that there might be some doubt about the status of the ground in question. Accordingly, the description in the agency agreement with the Guidroz agency was worded as: "125 St, Bernard Hiway (East) (Commercial) Ground measurements approximately 50 x 100 and front to hiway to he acquired and deliveredThis description’s measurements accord with the survey offered in evidence if the Delaronde Street portion and that small portion adjacent thereto and immediately fronting St. Bernard Highway is omitted. However, the questionable status of any part of this ground was not communicated by the Guid-roz agency to the Munsters when the agreement to sell was submitted to and signed by them, it being Mr. Guidroz’s testimony that it was his impression that whatever property was to be acquired had been taken care of.
The Munsters duly notified both defendants of the title problem and stated their requirements for curative work. Mr. Pa-lama attempted to comply, but was unable to obtain transfers from his coheirs to himself as required by the Munsters. Both parties were amenable to abandoning the sale, and the Munsters made demand upon Mr. Guidroz for the return of their deposit, which was not complied with, and this litigation ensued.
This situation is adequately covered by the language of the purchase and sale agreement quoted hereinabove. It is clearly stated that in the case where the sale fails due to a title defect the purchaser has a right to the return of his deposit from the holder thereof, Mr. Guidroz in this case. There is no basis for rendering judgment against the prospective vendor jointly and in solido with the realtor. This has been the jurisprudential appreciation of the effect of this clause in Schroeder v. Krushevski, 186 So.2d 640 (La.App.1966); Cabral v. Barkerding, 50 So.2d 516 (La.App.1951); Baumann v. Michel, 190 La. 1, 181 So. 549.
*409 Since the American Employers Insurance Company is not before the court, and the appeal of Burt V. Guidroz is dismissed, and the appellees William and Louis Munster have not answered the appeal, it would little behoove us to treat of arguments ad--vanced by the parties on the issues of whether or not the title was in fact defective or whether penalties are owed to the appellees, or other contentions advanced herein, since the judgments will not be altered in favor of these parties.
The appeal of Burt V. Guidroz is dismissed. The judgments in favor of William M. Munster and Louis P. Munster and against Salvador Palama and in favor of Salvador Palama and against Burt V. Guidroz are reversed and set aside. The judgment in favor of the Munsters and against Burt V. Guidroz is affirmed.
Reversed in part and set aside.
Affirmed in part.