HOOD, Judge.
This is a workman’s compensation suit instituted by Ambrose Landry against Eugene T. Minvielle, d/b/a Minvielle Lumber Company, and his insurer, Hanover Insurance Company. The defendants filed an answer and an exception of no cause and no right of action. After trial of the exceptions, judgment was rendered by the trial court maintaining the exception of no cause of action and dismissing the suit. Plaintiff appealed.
The appeal was timely perfected and the record was lodged in this court on July 22, 1968. Plaintiff Ambrose Landry, however, died on October 18, 1968, before the case was argued on appeal and before any determination was made of the issues presented on that appeal.
After plaintiff’s death, defendants filed a motion to have the legal representatives of the deceased party summoned to appear and to become a party to the appeal, as provided in Rule 13, Section 2, of the Uniform Rules of the Courts of Appeal. Attached to that motion is an affidavit set *236 ting forth the fact and the date of plaintiff’s death, and the names and addresses of his two legal representatives, both of whom reside in this state. In response to that motion we issued an order summoning the legal representatives of the deceased party to appear within 25 days and become a party to the appeal. The order provided that in default of such appearance, after due return showing service of the summons, the appellees may move to dismiss the appeal or have the case heard and determined as in other cases.
Pursuant to the above mentioned order, a summons was issued to each legal representative of the deceased plaintiff, commanding him to appear within 25 days and become a party to the appeal, and notifying him that in default of his appearance within that time, the appellees may move to dismiss the appeal or have the case heard and determined as in other cases.
The summons were served on each of the legal representatives of the decedent, the returns showing that one such representative was served on January 13, 1969, and the other was served on January 14, 1969. Although more than 25 days have elapsed since service of the summons was made, neither of said representatives has appeared or has sought to be made a party to- the appeal. On February 14, 1969, the appellees filed a motion to have the appeal dismissed. That motion is before us at this time.
An appeal cannot be prosecuted in the name of a person deceased, and any judgment rendered by an appellate court for or against one deceased and not represented before it, is an absolute nullity. Williams v. Brown, 142 So.2d 865 (La.App. 3d Cir.1962) ; Todd Shipyards Corporation v. Lomm, 190 So.2d 125 (La.App. 4th Cir.1966); Munster v. Palama, 198 So.2d 405 (La.App. 4th Cir.1967).
Rule 13, Section 2, of the Uniform Rules of the Courts of Appeal, provides that “if an appellant or appellee dies, and his or her legal representative is known and resides in the state, the opposing party or parties to the appeal may, on affidavit, obtain an order of court summoning the legal representatives of the deceased party to appear within twenty-five days and become a party to the appeal, and, in default of such appearance, after due return showing service of the summons, may move to dismiss the appeal * * * ”
The provisions of this section of the Uniform Rules have been complied with, and appellees thus are entitled to have the appeal dismissed.
For the reasons herein set out, the appeal of plaintiff, Ambrose Landry, is hereby dismissed. The costs of this appeal are assessed to the appellant.
Appeal dismissed.