KNOLL, Judge.
The defendant, Anthony J. Ferina, appeals from an adverse judgment ordering him to transfer to the plaintiffs, Sam H. Triplett and Annie S. Triplett,[1] for $5000 the following described property:
An undivided one-fourth (Vi) interest in and to the following described property, to-wit:
A certain tract or parcel of land, together with all buildings and improvements thereon, situated in the Fourth Police Jury Ward of St. Landry Parish, Louisiana, containing eighty (80) acres, more or less, and being more particularly described as being the South Half of the South Half of the East Half (S/2 of S/2 of E/2) of Section Twenty-one (21), Township Four South (T — 4-S), Range Seven East (R-7-E), Louisiana Meridian, subject to a reservation of one-half of the oil, gas and other minerals owned by Anthony J. Feri-na and Ollie C. Ferina in said tract.
On November 8, 1976, Anthony J. Ferina and his wife executed an option in favor of Sam H. Triplett and Annie S. Triplett. In this contract Ferina agreed to transfer to the Tripletts for $20,000 the following described immovable property:
A certain parcel of land, with all improvements thereon, situated in the Fourth (4th) Police Jury Ward, St. Landry Parish, Louisiana, containing eighty (80) acres, more or less, and being more particularly described as being the South One Half (S Vi) of the South One Half (S Vi) of the East One Half (E Vi) of Section 21, Township 4 South, Range 7 East, Louisiana Meridian.
Because the Tripletts were obtaining governmental financing, a standard FmHA printed option form was used. The option agreement provided for a 30-day period of irrevocability with the offer remaining viable for one year unless earlier terminated by Ferina in accordance with the terms of the option.
The facts are undisputed that at the time the parties signed the option all of them were aware that Ferina did not own the property particularly described in the agreement. When the option was signed *1130 Anthony J. Ferina owned only an undivided one-quarter {Vi) interest in a 320 acre tract of which the property described in the option was a part. The other co-owners of the 320 acres are: Paul Hernandez who owns an undivided one-half (V2) interest; and, Vita Ferina Allen who owns an undivided one-quarter (Vi) interest. Although these co-owners had discussed the allocation of their proportional interests in the property since 1973, they have never formalized a partition agreement.
On December 10, 1976, the Tripletts advised Ferina in writing as follows:
“Pursuant to the provisions of Part 8 of the Option to Purchase which was entered into on the 8th day of November, 1976 ... I am hereby notifying you of the acceptance of your offer to sell the 80 Acres of land described in the Option to Purchase, and at the consideration stipulated therein.”
Since Ferina’s co-owners of the 320 acre tract had refused to partition the property, he declined to sell the 80 acre tract to the Tripletts.
In response to Ferina’s refusal the Tripletts initiated this lawsuit. They sought specific performance of the November 8, 1976 option, or, in the alternative, to become owner of Ferina’s undivided one-quarter (Vi) interest in the 320 acre tract.
Ferina answered the lawsuit urging that there was inadequate consideration for the option; that the length of time in which the option was to be in existence was erroneously stated in the agreement and therefore Tripletts’ acceptance was untimely; that, even though it was not stipulated in the contract, the option was subject to a sus-pensive condition which included the execution by Ferina and his co-owners of an act ■of partition of the 320 acre tract; and, he averred that neither a written nor a verbal agreement existed in which he consented to sell his undivided interest in either the 80 acres or the 320 acres to the Tripletts.
Although many of these same issues are briefed on appeal we pretermit a discussion of them and reverse the trial court’s judgment for the following reasons.
SPECIFIC PERFORMANCE
Even though minimal consideration existed for the option agreement, Ferina’s offer to sell was accepted before being withdrawn. Therefore, when the Tripletts accepted Ferina’s offer the option agreement became enforceable between the parties. Goodyear Tire & Rubber Co. v. Ruiz, 367 So.2d 79 (La.App. 4th Cir.1979).
Article 2462 of the Civil Code provides for specific performance of an option agreement. In part it states:
“One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”
Although recourse to specific performance exists for the enforcement of option contracts, this right is not absolute. Walshe v. Endom, 124 La. 697, 50 So. 656 (La.1909); Baumann v. Michel, 190 La. 1, 181 So. 549 (La.1938); Thompson v. Thompson, 211 La. 468, 30 So.2d 321 (La.1947).
“[The right to specific performance] will generally receive judicial approbation and enforcement where, as in. contracts for the delivery of an immovable, the remedy at law for damages is inadequate and the promisor is legally able to comply with his engagement. But, where the rights of others have intervened and make a full compliance with the promise impossible, it is the duty of the court to deny the relief sought and relegate the plaintiff to an action for damages. This principle has many times been recognized by this court in cases where the promisor could not deliver a valid title.” Thompson, supra.
Therefore, it is essential that the optionor is able to perform what he has obligated himself to do. Unless this threshold determination is met the court can not insist upon specific performance.
*1131 The record clearly discloses that at the time the option was signed the 80 acre tract described in the option agreement of November 8, 1976 did not belong to Ferina. Although Ferina owned an undivided interest in the 80 acres it was impossible for him to transfer valid title to the Tripletts of the entire acreage. The property as described in the option agreement was simply not Ferina’s to sell. Ferina’s co-owners have an undivided interest in the property described in the option agreement. Therefore the Tripletts are not entitled to specific performance since Ferina is incapable of delivering legal title to the property free of the interests of his co-owners.
We find that the trial court was erroneous in ordering Ferina to sell an interest in the property less than that described in the agreement between the parties. The Tripletts’ assertion that a purchaser may waive conditions in his favor and/or for his protection is inapplicable to the case at bar. The Tripletts are not waiving a condition in this case; they are changing the object of the contract.
Our interpretation of this matter is consistent with Article 1927 of the Civil Code which provides:
“In ordinary cases, the breach of such a contract [any obligation to do, or not to do] entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts.” (emphasis added)
The jurisprudence and codal authorities relegated the Tripletts to an action for damages. Although the Tripletts raised the issue of damages in a supplemental petition prior to trial, they subsequently abandoned their claim for damages with prejudice, seeking only a judgment ordering specific performance. The claim for damages was abandoned before trial, therefore, no evidence was offered regarding damages. The only question before us is whether specific performance should be ordered. We find that specific performance should not have been ordered.
For the foregoing reasons the judgment of the trial court is reversed and set aside, and we render judgment dismissing plaintiffs’ demands. Cost of the trial court and of this appeal are assessed to appellees.
REVERSED AND RENDERED.

. N.B.: The original petition included Ollie C. Ferina, wife of Anthony J. Ferina, as a party defendant. By supplemental pleadings the litigants agreed to a dismissal with prejudice of the lawsuit as to her. No formal judgment was ever signed to this effect.
Likewise by supplemental petition Annie S. Triplett was added as a party plaintiff.
The final judgment upon which an appeal was granted fails to include Annie S. Triplett as a party plaintiff and incorrectly designates Ollie C. Ferina as a party defendant.
We take note of the stipulated dismissal and the supplemental petition and refer to the litigants as amended.