503 So.2d 79 (1987)
Carol Ann NICAUD
v.
Jeannette Cospolich, Wife of/and James R. FONTE, Jr.
No. 86-CA-582.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Rehearing Denied March 17, 1987.
Writ Denied May 29, 1987.
*80 John M. Coman, Jr., New Orleans, for plaintiff-appellant.
Richard M. Michalczyk of Cronvich, Wambsgans & Michalczyk, Metairie, for defendants-appellees.
Richard T. Regan of Regan & St. Pe, Metairie, for intervenor-appellant.
*81 Before CHEHARDY, C.J., and GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
This case arises from a suit to enforce an agreement to purchase and sell immovable property, or in the alternative for damages. Partial summary judgment was rendered, declaring the contract to be null and void, which judgment was not appealed. The appeal before this court is brought by the plaintiff-prospective purchaser and the intervenor-real estate broker from judgment on the merits, awarding damages to the plaintiff. The sellers have answered the appeal and have filed an exception of res judicata. The record was lodged as designated and does not contain the transcript of testimony.
The defendants, Jeannette and James R. Fonte, Jr., listed an office building in Metairie with White Properties, Inc. on June 6, 1983. The listing agreement was signed by both husband and wife and contained a number of conditions, including an allowance of six months for the Fontes to find property suitable for a three party tax free exchange. Carol Nicaud, the plaintiff, made an offer of $150,000 and on July 8, 1983 signed an agreement to purchase or sell, depositing $15,000 with the realtor; however, only James Fonte signed as seller. Ms. Nicaud timely obtained financing and permits for her business, but shortly before the date set for the act of sale Fonte's attorney informed White's agent, W.L. Kiser, that Mrs. Fonte was unwilling to sign the agreement. On October 7, 1983, the appointed day for the sale, James Fonte appeared without his wife, stating he was willing to sell but she was not. All other parties were present. The attorney for Ms. Nicaud's homestead declared his client would not finance the purchase without Mrs. Fonte's concurrence. Ms. Nicaud filed suit against the Fontes on November 2, demanding specific performance, attorney's fees, and costs, as per the contract. In the alternative she prayed for return of double her deposit, or, as another alternative, damages of $10,000 for loss of "time, energy, and monies." On January 25, 1984, White Properties, Inc. intervened against Mr. and Mrs. Fonte to collect the 6% commission, attorney's fees, and costs provided in the listing agreement.
All three parties subsequently filed motions for summary judgment. The motions were heard on February 24, 1984 and judgment signed April 30, 1984. As noted above, that judgment is definitive. It found "partially in favor" of Mr. and Mrs. Fonte and denied the motions of Ms. Nicaud and White Properties, Inc. In his reasons for judgment the trial judge held that there was no issue of material fact regarding Mrs. Fonte's intent not to accept the terms of the purchase or sell agreement, and the law requires the concurrence of both spouses for a valid sale of a community asset. Because of the seller's inability to deliver merchantable title, the contract was null and void under its own terms. In denying the motions for summary judgment of White and Mrs. Nicaud he stated that:
... there are genuine issues of material facts existing which must be litigated at trial  i.e. intervenor's right, if any, to receive its commission; plaintiff's right, if any, to recover her deposit, plus an equal amount as penalty, or alternatively to recover damages for expenses incurred in the preparation of the Act of Sale.
On September 13, 1985, after a two day trial, judgment was rendered, as follows: 1) an award to Ms. Nicaud against James Fonte for $1,470 plus interest from date of demand and for $1,618.80 plus interest from date of judgment, Fonte and White to share the costs equally;[1] 2) contribution of 5% of the judgment to James Fonte by White; 3) dismissal of all other claims including those for attorney's fees. After Ms. Nicaud and White filed their appeals, Mr. and Mrs. Fonte reurged to this court *82 an exception of res judicata, previously denied by the trial court. Their position is that because the contract was declared an absolute nullity in the summary judgment, there should have been no trial of the merits and damages should not have been assessed against them. The Court of Appeal made no disposition of the exception, ordering that it be heard in connection with the appeal. We shall consider the exception before taking up the merits of the appeal.

EXCEPTION OF RES JUDICATA
LSA-R.S. 13:4231 sets out the essential elements of res judicata, as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
This is a rather close question, primarily as to whether the thing demanded was the same. Without the trial transcript it is impossible for us to determine whether the contract was relitigated at trial. The summary judgment ruled only on the grounds for nullifying it and specifically referred damages and commissions to trial of the merits. These are the only issues resolved in the judgment on the merits and explained in the reasons for judgment. Accordingly, we hold that Ms. Nicaud was entitled to appeal the award of damages and deny the exception of res judicata.

ISSUES ON APPEAL
The issue raised by Ms. Nicaud is whether she could enforce the penalty provisions of the agreement to purchase and collect double deposit damages plus attorney's fees.
White Properties, Inc. raises the question of whether Fonte, whom the judge held to be 95% at fault, is absolved of liability for the agent's commission because judgment against the husband might have to be satisfied from community assets.
In answering the appeal James Fonte questions 1) whether he should be held for $1,618.80 in interest on Ms. Nicaud's deposit held by White Properties, Inc., 2) whether it was error for the court to change the allotment of costs on the basis of the intervenor's motion without notice or a hearing, and 3) whether the appellants should be penalized for filing a frivolous appeal.

PURCHASER'S ENTITLEMENT TO PENALTIES SET OUT IN AGREEMENT
The agreement to purchase and sell provides, in pertinent part:
The seller shall deliver to purchaser a merchantable title and his inability to deliver such title within the time stipulated herein shall render this contract null and void reserving unto purchaser the right to demand the return of the deposit from the holder thereof, and reserving unto agent the right to recover commission.
. . . . .
Either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all reasonable attorney's fees and costs incurred by the other party and/or agent in enforcing their respective rights.
Ms. Nicaud asserts that the summary judgment did not hold the contract to be null and void but the trial judge meant the plaintiff could not have specific performance. This argument is specious and at variance with the court's reasons for judgment. While the judge did state that the main issue before him was whether Mrs. Fonte concurred in the sale, entitling Ms. Nicaud to specific performance, he stated that another issue was whether James Fonte could be forced to go forward with the sale. He then said:
... In the instant case, Mr. Fonte could not render merchantable title to plaintiff since he did not have the concurrence of his spouse to sell a community immovable. This conclusion is reinforced by plaintiff's homestead's refusal to finance her purchase for fear of a possible cloud on the title. Therefore, in compliance *83 with the language of the Agreement to Purchase or Sell, said Agreement is null and void. Thus there remains no issue of material fact with regard to James Fonte's obligation....
The contract allowed only return of the deposit in the event of failure to deliver a merchantable title. Only if the judge had found that the seller failed to comply on other grounds could the purchaser have received the double deposit under the contract. As Ms. Nicaud failed to appeal the summary judgment, the finding of nullity and reasons for it are res judicata.
Ms. Nicaud bases her argument that Fonte may be held to the penalty provisions of the contract even though specific performance is impossible on cases that involve co-owners, not husband and wife. Civil Code articles 2347 and 2353 control such situations, as follows:
Art. 2347. Alienation of community property; concurrence of other spouse
The concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables, furniture or furnishings while located in the family home, all or substantially all of the assets of a community enterprise and movables issued or registered as provided by law in the names of the spouses jointly.
Art. 2353. Unauthorized alienation of community property
When the concurrence of the spouses is required by law, the alienation, encumbrance, or lease of community property by a spouse is relatively null unless the other spouse has renounced the right to concur. Also, the alienation, encumbrance, or lease of the assets of a community enterprise by the non-manager spouse is a relative nullity.
Mrs. Fonte had not renounced the right to concur. LSA-C.C. art. 2031 provides that a relative nullity may be confirmed; however, Mrs. Fonte absented herself from the act of sale and indicated in her affidavit filed in the summary judgment that the terms of the agreement were unacceptable. The trial judge stated in his reasons for the judgment on the merits that the alienation was invalid under the community property law. LSA-C.C. art. 2033, covering the effects of null contracts, reads as follows in pertinent part:
An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.
. . . . .
As an absolutely null contract is deemed never to have existed, none of its provisions may be enforced, including the penalties. We find that the trial judge was correct in awarding damages to Ms. Nicaud to restore her to her previous position, before the agreement to purchase was executed. The elements of damages were $470 in out of pocket expenses, $1,000 for inconvenience, plus $1,618 representing legal interest on the amount of the deposit until its return. Nowhere in the reasons for judgment is the possibility of double deposit penalty mentioned. In her reply brief Ms. Nicaud asked this court only to affirm and not to raise the lower court's award of damages if it denied her the double deposit.
Attorney's fees are not granted unless authorized by law or by a contract between the parties. Buzbee v. Fidelity Nat. Bank, 492 So.2d 15 (La.App. 1st Cir. 1986), writ denied 496 So.2d 1043 (La.1986). As the penalty provisions of the agreement do not apply and attorney's fees are not provided for otherwise, Ms. Nicaud is not entitled to them.
For the reasons stated above, we affirm the trial judge's award of damages and denial of attorney's fees to Ms. Nicaud. WHITE PROPERTIES, INC.'S ENTITLEMENT TO COMMISSION
White first contests the judge's determination that Fonte should not be held liable for the real estate agent's commission because it might penalize the spouse *84 who refused to concur exposing the community to satisfaction of a judgment against the husband. In his reasons for judgment, the judge discussed Cabral v. Barkerding, 50 So.2d 516 (Orl.App.1951). There the husband agreed to sell a residence after the wife had recorded a family home declaration. That court reasoned that the Legislature had not intended the result of making the community liable for a penalty because the wife prevented a sale of which she did not approve. While Cabral v. Barkerding has not been jurisprudentially overruled, we agree with the intervenor and believe that LSA-C.C. art. 2345 now controls, providing that a separate or community obligation may be satisfied from community property.
White's second argument is that the agent who finds a buyer ready, willing, and able to buy on the terms specified in the agreement is entitled to his commission. Young v. Smith, 366 So.2d 982 (La.App. 1st Cir.1978). In that case, the husband seller refused to sign a purchase agreement because he wished to withdraw from the listing agreement. In our case, the trial judge believed himself bound by Cabral v. Barkerding, supra, but also found that the real estate agent had created his own problem by failing to secure the wife's signature. The listing agreement contained her signature, making the agent aware that she would have to concur. Further, the judge observed that the testimony indicated the agent had not discussed the negotiations with Mrs. Fonte at all. In the absence of a transcript, we have no basis for finding error in the trial judge's assessment of facts and affirm his denial of the commission.

LIABILITY FOR INTEREST ON DEPOSIT
Fonte contests being cast in judgment for interest on the deposit, amounting to $1,618.80. His basis for complaint is that the deposit was held by White rather than himself and not returned until nine months after the sale was called off. Documents in the record indicate Ms. Nicaud paid the deposit directly to White. We are severely handicapped by the absence of the transcript and unable to ascertain the nuances of this issue. Did Fonte have any control whatsoever over the deposit? Could he have directed White to return it? In a sense White's failure to respond in brief to the issue indicates our questions should be answered in the negative. For that reason and based upon the record as lodged, we reverse the judgment as to liability for the award of $1,618.80 and hold White Properties, Inc. liable for payment of the full amount from date of judgment until paid.

THE TRIAL COURT'S ORDER TO AMEND JUDGMENT AS TO APPORTIONMENT OF COSTS
Fonte comments on but does not appeal the trial judge's application of comparative negligence to determine his fault to be 95% and that of White 5%, as explained in the reasons for judgment. Fonte had filed a cross-claim against White seeking contribution for any damages for which he might be cast, on the basis of the agent's misrepresentation and negligence. In the formal judgment the court held that White Properties, Inc. should contribute 5% of the judgment to Fonte.
Fonte is correct that the amendment of the judgment in response to White's motion constituted manifest error. La.C. C.P. art. 1951 allows the court to amend for two purposes only: "(1) to alter the phraseology of the judgment, but not the substance; or (2) to correct errors of calculation.
The original judgment read:
... all costs of these proceedings to be borne equally by defendant, James R. Fonte, Jr., and intervenor, White Properties, Inc.
The amended judgment states that:
... all costs of these proceedings to be borne in the proportion of 95% by defendant, James R. Fonte, Jr. and 5% by intervenor, White Properties, Inc.
The amendment does alter the substance, in that it raises Fonte's liability for costs by 45%, thus violating La.C.C.P. art. 1951. Therefore, we vacate the order to amend judgment and reinstate the original judgment dated September 13, 1985.

*85 FRIVOLOUS APPEAL
Fonte bases his argument solely on his own willingness to pay the judgment and avoid defending an appeal. As noted above, the issues of damages and commission were properly before the court and the defendant and intervenor were entitled to take their appeals.
For the reasons stated above, we amend the judgment insofar as it awards damages to Ms. Nicaud and denies her claim for attorney's fees. We reverse the judgment insofar as it casts the defendant, James R. Fonte, Jr., for the award of $1,618.80 plus legal interest from date of judgment until paid and hold White Properties, Inc. liable for payment of same. We vacate the order to amend judgment issued on September 20, 1985 and reinstate the original judgment of September 13, 1985. In all other respects the judgment appealed from is affirmed.
Costs of this appeal are to be borne equally by the plaintiff, defendant, and intervenor.
JUDGMENT OF SEPTEMBER 20, 1985 VACATED.
JUDGMENT OF SEPTEMBER 20, 1985 REVERSED IN PART, AMENDED IN PART, AND AS AMENDED AFFIRMED.
NOTES
[1] On September 20, 1986, in response to a "motion to correct error in judgment" by the intervenor, the trial judge amended this judgment to read, "all costs of these proceedings to be borne in the proportion of 95% by defendant, James R. Fonte, Jr., and 5% by intervenor, White Properties, Inc."