UNITED STATES of America

v.

The SOUTH 23.19 ACRES OF LAND, etc., et al.

Civ. A. No. 86–3390.

United States District Court, E.D. Louisiana.

Aug. 5, 1988.

## FINDINGS AND CONCLUSION

LIVAUDAIS, District Judge.

This is a civil forfeiture proceeding in which it is alleged that the defendant real property was used, or intended to be used for the purchase and distribution of marijuana and is thus forfeited to the United States pursuant to the Controlled Substances Act, 21 U.S.C. § 881(a)(7). The real property is the residence of Wayne Young and his wife Ann and they have filed a claim to it.

On December 8, 1986, Wayne Young was convicted of knowingly or intentionally possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and intentionally conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. *U.S. v. Gentry*, 839 F.2d 1065 (5th Cir.1988). The government now seeks to forfeit his residence because it was used by him in furtherance of the criminal acts for which he was convicted.

21 U.S.C. § 881(a) provides, in pertinent part, that

The following shall be subject to forfeiture to the United States and no property rights shall exist in them:

(7) All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, ...

As noted by the Fifth Circuit Court of Appeal in its decision on Wayne Young's appeal from his conviction, the evidence introduced by the government at his criminal trial "showed that Young ordered 500 pounds of marijuana, pooled over $100,-000.00 in cash to pay for the drug, intended to distribute various quantities of the drug to numerous buyers, and carried a bale of marijuana away from the undercover vehicle and toward his house." *U.S. v. Gentry, supra* at 1072.

In addition to the evidence introduced against Wayne Young at the criminal trial, the testimony of Harold Todd at the forfeiture hearing established that Young used his residence as his place of business for selling drugs, that he had cocaine secreted in the family room of this home along with a very large, digital scale which could be used to measure large amounts of drugs. He also testified that all of the telephone conversations he had with Young regarding Young's purchase of the marijuana from him were while Young was at his residence. Todd and Young met at Young's home to discuss the marijuana transaction and for Todd to get a look at how well Young was established. On several occasions, Young held his residence out to Todd as a perfect place to conduct the marijuana sale. And, finally, the sale of the 500 pounds of marijuana took place at Young's residence, where the numerous buyers were congregated in the house and around the pool, waiting with their pooled money for the marijuana to arrive.

■ Title 21 U.S.C. § 881(d) provides that the procedures governing forfeiture under the customs statutes are also applicable to § 881. The government has the initial burden of showing that there was probable cause to initiate the forfeiture action—that is, that there is probable cause to believe that a substantial connection existed between the property to be forfeited and the criminal activity defined by the statute, i.e., conspiring to possess and possessing with intent to distribute marijuana. *United States v. $64,000.00 in U.S. Currency*, 722 F.2d 192, 195 (5th Cir.1984); *United States v. $365,960.00*, 661 F.2d 319, 323 (5th Cir.1981). Probable cause has been defined as "a reasonable ground for the belief of guilt, supported by less than prima facie proof but more than mere suspicion." *Id.* The government has more

than met this burden and, thus the burden shifts to the party claiming the property to prove by a preponderance of the evidence that the property was not used or intended to be used to facilitate a violation of the Controlled Substances Act. 19 U.S.C. § 1615.

Here claimants Wayne and Ann Young have not attempted to meet this burden and effectively concede that the defendant real property was used illegally and is subject to forfeiture under § 881(a)(7). In fact, the main issue in this case involves that part of § 881(a)(7) which provides that:

> no property shall be forfeited under this paragraph to the extent of *an interest of an owner*, by reason of any act or omission established by that owner to have been committed without the knowledge or consent of the owner. (emphasis added).

There is no assertion by Wayne Young that he is without knowledge. Therefore, his interest in the property is forfeited to the United States. However, his wife Ann does claim that she is an innocent owner and, as such, seeks to retain her interest in the property. Under Louisiana law, C.C. Art. 2336, each spouse owns an undivided one-half interest in the community property of the marriage.

The government is not contesting that all of the defendant real property is community property. In addition, the government is not contesting Ann Young's claim that she had no knowledge of Wayne Young's drug dealings. The government is contending, however, that Ann Young is not entitled to anything more than her legal interest in the defendant real property, which is one-half of it.

Art. 2345 of the Louisiana Civil Code provides that:

> A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.

This article, which became effective January, 1980, "specifically provides that a separate obligation [of either the husband or wife] may be satisfied during the existence of a community property regime from community property, and it does not distinguish separate debts of the wife from separate debts of the husband." *Pan American Import Co., Inc. v. Buck,* 440 So.2d 182, 188 (La.App. 4 Cir.1983); *see, also, Nicaud v. Fonte,* 503 So.2d 79, 84 (La.App. 5 Cir.1987). It would follow that if a husband's separate obligation may be satisfied from community property, a forfeiture of his interest in community property can be satisfied also from that community property.

[2] However, the United States is more than a creditor. All of Wayne Young's right, title and interest in the defendant property vested in the United States "upon commission of the act" which gave rise to this forfeiture, i.e. use of the property for the distribution and possession of illegal drugs. 21 U.S.C. § 881(h). The purpose of this forfeiture action is only to perfect that title. If it were the law that community property cannot be divided to satisfy a forfeiture, married drug traffickers in community property states would automatically have all their unlawfully gained property immediately insulated. State family and property laws cannot supercede and interfere with the uniform application of federal forfeiture law to produce such a result. *United States v. Rodgers,* 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983).

■ The government is entitled to an order that this property be sold and that the government and Ann Young each take one half of the proceeds of the sale after payment of costs.