STATE OF LOUISIANA
v.
SEIZED PROPERTY: SIX THOUSAND THIRTY-FOUR AND NO/100 DOLLARS ($6,034.00) IN U.S. CURRENCY, ETC.
No. 08-264.
Court of Appeals of Louisiana, Third Circuit.
December 3, 2008.
NOT FOR PUBLICATION
MALCOLM X. LARVADAIN, Counsel for Appellant: Lisa Jones.
BRIAN D. MOSLEY, Assistant Attorney General, Counsel for Appellee: State of Louisiana.
Court composed of COOKS, PAINTER and ROY, pro tem, Judges.
COOKS, Judge.
On February 2, 2007, officers of the Metro Narcotics unit of the Rapides Parish Sheriff's Department executed a search warrant at the residence of Gregory Jones, after receiving information from a reliable confidential informant that Jones had in his possession a large amount of cocaine, which he intended to sell. During the execution of the warrant, the officers found Jones in a bedroom, near an open safe, and holding a black case. Approximately ten (10) ounces of cocaine and $6,034.00 in United States currency were found in the open safe. The black case contained one.38 caliber handgun. Officers also found materials in the kitchen consistent with the production of crack cocaine.
During the interview with Jones, he claimed that the cash belonged to his wife, Lisa Jones, with the exception of $2,000.00, which he claimed was his money. After determining that Jones was not employed and had no legitimate source of income, the State subsequently seized the cash and handgun pursuant to La.R.S. 40:2601. The State subsequently filed a Petition for Forfeiture in the district court. Lisa Jones answered the State's petition, claiming the funds seized "were neither used to facilitate drug activities nor were proceeds from drug activity subject to forfeiture under La.R.S. 40:2601 et seq." Ms. Jones also asserted she had recently received her income tax refund and regular paycheck at the time of the seizure, which legitimately explained having the cash in the house. Ms. Jones also asserted the handgun was legally registered in her name and was purchased by her for protection.
After a trial on the matter, the district court ruled that the money seized was the community property of the wife, Lisa Jones, and her husband, Gregory Jones, and that one-half of the funds seized (Gregory Jones half interest of the community property) and the handgun were subject to forfeiture. According to the State, it "entered into discussions with the attorney [for Ms. Jones] after the rendition of the judgment and was under the impression that this matter would be finalized if both parties complied with the judgment." The State returned one-half of the funds in accordance with the trial court's ruling; however, Ms. Jones filed an appeal contending she was entitled to all of the funds, as well as the handgun. The State answered the appeal and argues the trial court erred in finding the seized funds were community property and returning one-half to Ms. Jones.

ANALYSIS
Under the Forfeiture Act, La.R.S. 40:2601 et seq., property used or intended to be used in any manner to facilitate conduct in violation of La.R.S. 40:961 (the Louisiana Uniform Controlled Dangerous Substances Law) is subject to forfeiture upon the commission of an act or omission punishable by confinement for more than one year under La.R.S. 40:961 et seq. La.R.S. 40:2603(1) and 2604(2)(b).
In a forfeiture proceeding, wherein a claim is timely filed, the burden of proof required to forfeit the claimant's property shall be a preponderance of the evidence. La.R.S. 40:2612(G). A contested action under Section 2612(G) requires the state to prove by a preponderance of the evidence the criminal conduct giving rise to forfeiture and the connection between the property and such illegal activity. State v. Gauthier, 02-1227(La.App. 3 Cir. 4/17/03), 854 So.2d 910. The state is not required to trace the money to a particular drug transaction. U.S. v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir.1990). The findings of fact which lead to the ultimate determination of whether there was a preponderance of the evidence are subject to the manifestly erroneous-clearly wrong standard. State v. Vallot, 07-119 (La.App. 3 Cir. 10/31/07), 970 So.2d 1174, writ denied, 08-203 (La. 5/9/08), 980 So.2d 690. Therefore, we must afford deference to the factual findings of the trial court as long as a review of the record as a whole shows those findings were reasonably supported. Id.
Ms. Jones contends "the State did not show, by some credible evidence and by more than mere suspicion, a reasonable ground for belief that the money was drug related." We disagree. Police were given information by a reliable confidential informant that there were illegal narcotics in the residence, that Gregory Jones was an illegal narcotics dealer, and that he was attempting to sell cocaine he had in his possession. Agent Michael Lacour's police report contained a statement that he knew that Gregory Jones' residence had high traffic and that narcotics were being sold from the residence based on numerous reports from informants.
When agents entered the residence they found Jones in a bedroom, near an open safe, and holding a black case. Approximately ten (10) ounces of cocaine and $6,034.00 in United States currency were found in the open safe. The black case contained one .38 caliber handgun. Officers also found bowls and whisks in the kitchen which contained a white residue they believed to be cocaine. They also found plastic baggies in the kitchen.
We find the State established by a preponderance of the evidence that the money and handgun were drug related. At this point the burden shifts to the claimant, Ms. Jones, to prove by a preponderance of the evidence that the money came from an independent, non-drug related source. Ms. Jones argues she did just that below, submitting documentation that Ms. Jones had $7,023.62 in income derived from lawful sources just days prior to the seizure. These included wage sheets amounting to $2191.57 and a copy of her income tax refund in the amount of $4,832.05. Thus, Ms. Jones contends the State "cannot prove that the money is related to a drug transaction . . . that the money was derived from a lawful source and the State has not carried its burden of proof." In response to these arguments, the trial court held as follows:
Well, if we were in criminal court, I would say you are correct, Mr. Lavardain [counsel for Ms. Jones]. But we're talking about forfeiture laws as well as the aspect of individuals being married, what belongs to who. It appears as though when you earn wages, that would be community property. So, half would belong to her anyway; the other half doesn't belong to her. It belongs to him. So, regardless of what you bring into the house, half belongs to you, even though you made it all, half is going to belong to you and the other half is going to belong to him.
The problem with being married to somebody who engages in criminal activity, he's taking his half and doing illegal things with it, which means automatically, you've got receipts for $7,023 and someodd cents, half of that is yours. The other half belongs to your husband, regardless of whether you were going to give it to him or not. So we've got a community property problem.
As far as the pistol is concerned, the pistol is not divisible. Half of the pistol belongs to you, the other half belongs to you. I can't separate the pistol. So that means that the State forfeited the pistol legally when they entered and the drugs were found in the home.
As far as the money is concerned, it's divisible. Half of the money which is $3,000 and some-odd dollars, this court will award back to you. The other half of that money which is his is rightly forfeited by the State of Louisiana.
If you owned that house, the State possibly could have forfeited your home. If they would have found it in the car, the car would have been gone. So again, if it's divisible then you can divide it. And if not, if it's one thing when the State, if drugs are found, the State can legally forfeit it, which means if he comes back to the home and he's still doing the same thing he's been doing, if you ever buy a home with him, they can forfeit your home. They can forfeit your car and anything else that drug activity can be linked to.
So, again, I'm sorry that you have to be put in this kind of position because I hate it. I hate it for you, but I can't help you. There's nothing I can do to make right what's not right. And if activity is in the house and around the house, you're presumed to know just as much because it's your house. Half of that belongs to you. . . .
. . . So there's no way around saying I didn't know and I just can't believe all of that is going on. You are presumed to know it and that's where the problem comes in. Okay.
So half of the money that was seized goes back to Ms. Jones and the gun is forfeited.
A review of the trial court's reasons clearly indicates it believed Ms. Jones was not aware of her husband's criminal activity. Although we may not have reached that same conclusion, we cannot say the trial court's factual findings in this regard are clearly wrong. The State failed to present any evidence to show that Ms. Jones was aware of her husband's illegal activities. Ms. Jones established that she worked very long hours, on the average of about sixteen per day. She testified her days consisted of going to work coming home to sleep and going back to work.
Although finding Ms. Jones was an "innocent owner" of the cash and handgun, the trial court found under this state's community property regime, the cash and handgun were community property. The trial court then held that half of that money, which was his, was rightly seized by the State of Louisiana.
Support for the trial court's judgment can be found in United States v. South 23.19 Acres of Land, 694 F.Supp. 1252 (E.D.La. 1988). In that case, the U.S. government filed a civil forfeiture proceeding seeking to forfeit the residence of Wayne Young, who was convicted of knowingly or intentionally possessing with intent to distribute marijuana, because the residence was used by him in furtherance of the criminal acts for which he was convicted. The court found the government successfully met its burden to prove by a preponderance of the evidence that a substantial connection existed between the property to be forfeited and the criminal activity. However, Young's wife, Ann, claimed that she was an innocent owner and, as such, sought to retain her half interest in the property. The court stated as follows:
Under Louisiana law, [La.Civ.Code] art. 2336, each spouse owns an undivided one-half interest in the community property of the marriage.
The government is not contesting that all of the defendant real property is community property. In addition, the government is not contesting Ann Young's claim that she had no knowledge of Wayne Young's drug dealings. The government is contending, however, that Ann Young is not entitled to anything more than her legal interest in the defendant real property, which is one-half of it.
Art. 2345 of the Louisiana Civil Code provides that:
A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.
This article, which became effective January, 1980, "specifically provides that a separate obligation [of either the husband or wife] may be satisfied during the existence of a community property regime from community property, and it does not distinguish separate debts of the wife from separate debts of the husband." Pan American Import Co., Inc. v. Buck, 440 So.2d 182, 188 (La.App. 4 Cir.1983); see, also, Nicaud v. Fonte, 503 So.2d 79, 84 (La.App. 5 Cir.1987). It would follow that if a husband's separate obligation may be satisfied from community property, a forfeiture of his interest in community property can be satisfied also from that community property.
However, the United States is more than a creditor. All of Wayne Young's right, title and interest in the defendant property vested in the United States "upon commission of the act" which gave rise to this forfeiture, i.e., use of the property for the distribution and possession of illegal drugs. 21 U.S.C. § 881(h). The purpose of this forfeiture action is only to perfect that title. If it were the law that community property cannot be divided to satisfy a forfeiture, married drug traffickers in community property states would automatically have all their unlawfully gained property immediately insulated. State family and property laws cannot supercede and interfere with the uniform application of federal forfeiture law to produce such a result. United States v. Rodgers, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983).
The government is entitled to an order that this property be sold and that the government and Ann Young each take one half of the proceeds of the sale after payment of costs.
Id. at 1254.
We find the trial court's judgment is not without legal support. Therefore, we will affirm the judgment. Costs of this appeal are assessed equally to both parties.
AFFIRMED.