# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-1026

SCOTT THOMPSON

VERSUS

KIRK FALGOUT, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 72305
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**REVERSED AND ORIGINAL JUDGMENT REINSTATED.**

Scott Thompson
Winn Correctional Ctr.  Ash B1
P. O. Box 1260
Winnfield, LA 71483-1260
Counsel for Plaintiff Appellant:
Scott Thompson


Kirk Falgout
In Proper Person
2703 Hwy 182 E.
Bayou Vista, LA 70380
Counsel for Defendant Appellee:
Kirk Falgout

**Julie Falgout**
**In Proper Person**
**2703 Hwy 182 E.**
**Bayou Vista, LA 70380**
**Counsel for Defendant Appellee:**
**Julie Falgout**

**Julie Falgout**
**In Proper Person**
**2703 Hwy 182 E.**
**Bayou Vista, LA 70380**
**Counsel for Defendant Appellee:**
**Julie Falgout**

**SAUNDERS, Judge.**

Herein we address whether the trial court erred in amending its original judgment to reapportion court costs to two-thirds (2/3) to Scott Thompson (Appellant) and one-third (1/3) to Kirk and Julie Falgout (Appellees). We find that the court so erred and that the amended judgment altered the substance of the original judgment in violation of La.Code Civ.P. art. 1951.

**FACTS AND PROCEDURAL HISTORY:**

Appellant is the owner of a 1999 Belmont mobile home. Following his 2005 arrest and subsequent incarceration, Appellant contacted Appellees requesting that they assist him in repairing the mobile home so that it could be sold. He claims that he has been friends with Appellees for several years and that he had no adult family members capable of looking after his affairs outside of the correctional facility.

Appellees agreed to assist Appellant in repairing and selling the mobile home. In January of 2007, Appellant furnished Appellees with fifteen hundred dollars ($1,500.00) from his inmate account to have repairs made on the mobile home. After several months of no progress on the matter, Appellant requested that Appellees return the funds. Appellant's initial request was unsuccessful, and he proceeded to make numerous calls to Appellees during the following weeks in an attempt to gain their compliance. These calls resulted in Appellees complaining to the warden of the correctional facility.

In July of 2007, Appellant filed suit against Appellees seeking repayment of the fifteen hundred dollars ($1,500.00). After a June 6, 2008 trial, judgment was rendered in favor of Appellant for fourteen hundred dollars ($1,400.00). All costs were cast to Appellees. On June 27, 2008, the trial court issued an amended judgment altering the assignment of court costs. The amended judgment assessed two

thirds (2/3) of the court costs to Appellant and one-third (1/3) to Appellees. It is from this amended judgment that Appellant now appeals.

**ASSIGNMENT OF ERROR:**

Appellant asserts that the trial court erred in making a substantive amendment to its June 6, 2008 judgment.

**LAW AND DISCUSSION ON THE MERITS:**

We now address the Appellant's claim that the trial court erred in amending its judgment to reapportion court costs between Appellant and Appellees.

Louisiana Code of Civil Procedure Article 1951 states that "[a] final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on the motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation."

Proper amendments under this article are those that neither add something to nor take something away from the original judgment. *LeBlanc v. LeBlanc*, 600 So.2d 160 (La.App. 3 Cir. 1992).

It is alleged by Appellant that the trial court erred in that it made an amendment as to the substance of the judgment, thus violating La.Code Civ.P. art. 1951. We agree.

Louisiana jurisprudence is clear in holding that amendments made to the costs assessed in a final judgment constitute substantive amendments that violate La.Code Civ.P. art. 1951. In *Nicaud v. Fonte*, 503 So.2d 79 (La.App. 5 Cir. 1987), *writ denied*, 506 So.2d 1227 (La. 1987), the court addressed a similar factual situation. A final judgment assessing costs equally between the defendant and intervenor was amended to put the costs in line with the percentage of liability assigned to each party

by the trial court. On appeal, the court found that "[t]he amendment does alter the substance, in that it raises Fonte's liability for costs by 45%, thus violating [La.Code Civ.P. art. 1951]. Therefore, we vacate the order to amend judgment and reinstate the original judgment dated September 13, 1985." *Id*. at 84.

The fourth circuit in *Constans v. Choctaw Transport, Inc.*, 97-863 (La.App. 4 Cir. 12/23/97), 712 So.2d 885, *writs denied*, 98-0408, 98-0412 (La. 3/27/98), 716 So.2d 892, a case addressing similar facts to those in *Nicaud*, came to the same conclusion. "The reallocation of costs in the second amended judgment is an amendment not intended to correct an error of calculation and not authorized by LSA-C.C.P. art.2088(10). Therefore, it is void." *Id*. at 903.

The matter before us, when examined in light of the facts, circumstances, and holdings from *Nicaud* and *Constans*, certainly amounts to a substantive amendment to the original final judgment. By raising Appellant's costs from zero to two-thirds (2/3) of the total costs, the trial court altered the substance of the original judgment and violated La.Code Civ.P. art. 1951.

We find that on June 27, 2008, the trial court amended the substance of the June 6, 2008 original judgment in violation of La.Code Civ.P. art. 1951. Accordingly, we vacate the amended judgment and reinstate the original judgment from June 6, 2008 assessing all court costs to Appellees.

**CONCLUSION:**

For the foregoing reasons, we reverse and vacate the amended judgment of the trial court assessing court costs at two-thirds (2/3) to Appellant and one-third (1/3) to Appellees. The original judgment, dated June 6, 2008, is reinstated with all costs assigned to Appellees. Costs of appeal are assessed to Appellees.

**REVERSED AND ORIGINAL JUDGMENT REINSTATED.**